SHELBY COUNTY, *Appellant*, v. BRAGG.

Division One, June 30, 1896.

1. **Statute of Limitations:** CONTINUING TRUSTS: COUNTY CLERK: ACTION FOR FEES. An action at law, against a former county clerk and *ex-officio* recorder, for fees received in excess of his salary and deputy hire does not fall within the class of trusts designated as continuing ones and to which the statute of limitations does not apply until the trust is denied.

2. ———: TECHNICAL TRUSTS. Trusts which are not affected by the statute of limitations are technical ones not cognizable at law but which fall within the peculiar and exclusive jurisdiction of courts of equity.

3. ———: IMPLIED TRUSTS. The statute of limitations begins to run as to implied trusts, which grow out of the facts and circumstances of each case. so soon as a right exists to declare and enforce them.

4. **County Clerk:** OFFICIAL FEES: STATUTE OF LIMITATIONS: CONCEALMENT OF CAUSE OF ACTION. While a fraudulent concealment of a cause of action will delay the operation of the statute of limitations until after the discovery of the fraud, yet an incorrect statement by a county clerk of the amount of official fees collected and which it is the duty of the county court to audit and approve does not constitute such fraudulent concealment.

5. **Statute of Limitations:** FRAUD. One seeking to avoid the bar of the statute of limitations because of the fraud of the defendant must show that he used due diligence to detect it, and if he had the means of discovery in his hands he will be held to have known it.

*Appeal from Shelby Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*V. L. Drain, James T. Lloyd*, and *Thomas H. Bacon* for appellant.

(1) While the action of the county court approving the annual settlements of respondent partook of the nature of judgments (*State, etc., v. Hickman*, 84 Mo. 74), the approvals were not judgments, and at most they were merely *prima facie* evidence in respondent's favor. *Marion, etc., v. Phillips*, 45 Mo. 75; *Phelps v. Bishop*, 46 Mo. 68; *Reppy v. Jefferson, etc.*, 47 Mo. 66; *State, etc., v. Moeller*, 48 Mo. 331; *Owens v. Andrew, etc.*, 49 Mo. 372; *State, etc., v. Roberts*, 60 Mo. 402; *State, etc., v. Roberts*, 62 Mo. 388; *State, etc., v. Smitte*, 65 Mo. 464; *Thornton v. Thomas*, 65 Mo. 272; *Re Burris*, 66 Mo. 442; *Vogel v. St. Louis*, 84 Mo. 432; *Cole Co. v. Dallmeyer*, 101 Mo. 57; *State v. McGonigle*, 101 Mo. 353; *Sears v. Stone, etc.*, 105 Mo. 236; *Scotland, etc., v. Ewing*, 116 Mo. 129; *Callaway v. Henderson*, 119 Mo. 32, 37. (2) This suit was properly brought for money had and received. *Cole Co. v. Dallmeyer*, 101 Mo. 57. (3) The county justices were lay judges who were not guilty of laches in relying on affidavits which by special statute (Laws 1874, p. 64, sec. 5), as well as by general law (G. S. 1865, p. 799, sec. 1), were made under the pains and penalties of perjury. On general principles laches is not imputable to county judges. *Parks v. State*, 7 Mo. 194; *Marion, etc., v. Moffett*, 15 Mo. 604; *Ray, etc., v. Bently*, 49 Mo. 236. (4) A construction which would presume discovery of the alleged fraud from the official duty of discovering the same would abrogate the statute which gives ten years for discovery. R. S. 1879, p. 547, sec. 3230. The statute uses not the word "notice" or "knowledge," but the word "discovery." (5) The only fraud alleged is in the last annual settlement, filed January 1, 1883. The suit was begun September 24, 1892, and the proof shows dis-

covery within said 1892. *Bent v. Priest*, 86 Mo. 475. (6) The respondent collected under a public trust public moneys, which he willfully failed to report. Until such report by him no statute of limitations began to run in his favor. *State, etc., v. Minor*, 44 Mo. 373; *Kirk v. Sportsman*, 48 Mo. 382. Law to this extent is good even as to unofficial moneys. *Carder v. Primm*, 52 Mo. App. 102, and cases therein cited.

*R. P. Giles* and *W. O. L. Jewett* for respondent.

(1) This is an action for money had and received, and not for money earned. It is not sufficient for the appellant to show that respondent was entitled to receive or ought to have received money, but it must show that respondent did actually receive money, which he has not paid to the county. (2) The five years' statute of limitations is a good defense to this action. *Garrett v. Conklin*, 52 Mo. App. 654. Plaintiff's ignorance of its right or cause of action will not affect the running of the statute in the absence of fraud or some improper act of concealment, causing such ignorance. *Garrett v. Conklin*, 52 Mo. App. 654; *Wells v. Halpin*, 59 Mo. 92; *Rogers v. Brown*, 61 Mo. 187; *Moore v. Mining Co.*, 80 Mo. 86; 13 Am. and Eng. Ency. 730. (3) There is no proof of fraud or of any improper act of concealment. Constructive fraud is not sufficient, but there must be actual fraud involving moral turpitude shown by affirmative acts. 13 Am. and Eng. Ency. 729. (4) Under statutes similar to our own the courts have discussed the meaning of the word "discovery" and have held that it means from the discovery of the fraud, or from the time when fraud might with ordinary diligence have been discovered. 13 Am. and Eng. Ency. 730; *Boyd v. Blackman*, 29 Cal. 19; *Fritschler v. Koehler*, 83 Ky. 78; *Wear v.*

*Skeimer*, 46 Md. 257. (5) The receipt of money by a sheriff at a partition sale of land does not constitute him a trustee of a continuing trust, taking such trust out of the statute of limitations. *Townsend v. Eichelber*, 38 N. E. Rep. (Ohio Sup.), 207. See same doctrine in *Garrett v. Conklin*, 52 Mo. App. 654; *Johnson v. Smith's Adm'r*, 27 Mo. 591; *Shortridge v. Harding*, 34 Mo. App. 354; *Smith v. Ricords*, 52 Mo. 581. (6) The statute runs against a county. *St. Charles v. Powell*, 22 Mo. 525; *School Directors v. George*, 50 Mo. 194.

MACFARLANE, J.—This suit is against defendant, as a former clerk of the circuit court and *ex-officio* recorder of the county to recover an amount alleged to have been received by him in fees in excess of salary and deputy hire. It is charged that defendant held said offices for two terms, or eight years, from January 1, 1875, to January 1, 1883, and during the term collected in fees the sum of $16,108.74, which was $3,277 in excess of the amount he was entitled to retain, and for which sum he was indebted to the county.

The petition further charged, in order to avoid the operation of the statutes of limitations, that defendant, by his quarterly and annual statements, and settlements made with the county court, falsely and fraudulently concealed from the court the true amount of fees received and that the facts were not discovered until the year 1892, when this suit was at once commenced.

Besides a general denial defendant pleaded in bar of the action both the three and five years statutes of limitation. He also pleaded the settlements in the county court as adjudications of the matter in issue.

On the trial the annual reports of defendant as made to the county court were read in evidence. These were all verified by affidavit. The aggregate of fees

earned according to these reports was $13,288.61. They show that he retained as salary $12,000, and that he paid for clerk's hire $1,949.70, making a total credit of $13,949.70. The reports were all approved by the courts.

These reports gave no full itemized statement of fees collected. For example, one item of the report made for 1875 was "all costs in criminal and civil cases for 1875 not above provided, $405.05." Some of the statements were declared to be correct, while others were only stated to be approximately correct.

In 1892 the county court by an order of record appointed a committee of experts to go through the books of the clerk and recorder for the eight years, and ascertain and report the fees earned by defendant during his whole term. The report of this committee, which purported to be full, made the fees earned in the two offices amount to $15,627.94. Each year is reported separately.

On the trial plaintiff offered these reports in evidence, but as we understand from the record they were excluded on objection by defendant.

The experts who had examined the books and made the statements were permitted to testify as to the result of their examination which corresponded with their report, though they did not profess to know that defendant had actually received all the fees earned.

At the conclusion of plaintiff's evidence the court directed a verdict for defendant. Judgment was thereupon entered for defendant and plaintiff appealed.

The record does not disclose the ground upon which the court acted in ordering a verdict for defendant. If therefore it can be sustained upon any one of the defenses pleaded the judgment should be affirmed.

After a careful consideration we are of the opinion that the action, when commenced, was barred by the

statutes of limitation and for that reason the judgment should be sustained.

The action is at law for money had and received for the use of the county and does not, therefore, fall into that class of continuing trusts to which the statutes of limitations do not apply until the trust is denied. "The trusts intended by the court of equity not to be reached or affected by the statute of limitations are those technical and continuing trusts which are not at all cognizable at law, but fall within the proper, peculiar and exclusive jurisdiction of courts of equity." *Kane v. Bloodgood*, 7 Johns. Ch. 110. See *Johnson v. Smith's Adm'r*, 27 Mo. 593.

The rule is that in implied trusts which grow out of the facts and circumstances of each case, the statute commences to run as soon as a party has a right to commence a suit to declare and enforce it. *Keeton's Heirs v. Keeton's Adm'r*, 20 Mo. 530.

The act of March 30, 1874 (Laws 1874, p. 63), made it the duty of the clerks of circuit courts, who were also *ex-officio* recorders, to make out a statement verified by their affidavits, giving the amount of each fee received by them in each capacity during the then past year, from whom received and for what services, also the number of assistants and deputies employed, the name of each, the length of time each was employed and the amount paid each, and file the same with the county court at the first session of said court in each year. The county court was required, at such session, to examine such statement; was authorized to examine any person as to the truth of the same, and was required to allow necessary clerk hire and deduct the same from the aggregate amount received. It was then provided that if there should be an amount in the hands of the clerk exceeding the sum he was entitled to retain as salary the same should be paid into the

county treasury.    Making a false affidavit to such state-
ment was declared to make the party guilty of perjury.

The statute also required clerks of courts of record
and all other officers, at the expense of their respective
counties, to procure a book in which should be entered
a correct account of all fees collected by such officer,
the date when collected, in what case and the name of
the person entitled thereto.

The last annual statement was made to the county
court by defendant at the end of his second official
term in January, 1883.    This suit was not commenced
until 1892.    The cause of action, if any existed,
accrued at the date of the final settlement, and unless
it falls within some exception, is barred by the statutes
of limitations, whether the action is to be regarded as
being for the omission of an officer to discharge an
official duty (sec. 6776), or simply for money had and
received (sec. 6775).

This is conceded by plaintiff, but counsel claim
that the action falls within the exceptions to the
statutes of limitations found in sections 6775 and 6789.
The former section provides that an action for relief on
the ground of fraud shall be commenced within five
years, "the cause of action in such case to be deemed
not to have accrued until the discovery by the aggrieved
party, at any time within ten years, of the facts con-
stituting the fraud."    Section 6789 is as follows:    "If
any person, by absconding or concealing himself, or by
any other improper act, prevent the commencement of
an action, such action may be commenced within the
time herein limited, after the commencement of such
action shall have ceased to be so prevented."

These exceptions have been enforced by this court
in a variety of circumstances, though it may well be
doubted whether the former of them is not confined to
equitable actions based upon fraud, and whether the

latter does not refer entirely to acts of a defendant by which service of process or some other step necessary to the commencement of a suit and obtaining jurisdiction of the person or subject-matter, was prevented.

But it is well settled in this state, whether by force of the statute or independent of it, that a fraudulent concealment of a cause of action will delay the operation of the statute of limitation until after discovery of the fraud. Thus, in an action to recover from a sheriff or constable money collected on process, it was held that the statute did not commence to run until return of process was made by the officer or there had been a demand of payment by the party in interest. *State ex rel. v. Minor*, 44 Mo. 373; *Kirk v. Sportsman*, 48 Mo. 383. These cases refer to no statute as a basis for the exception.

Wood says: "In some of the other states in which no statutory provision exists upon this subject, it has been held that in the case of fraud, and the willful suppression of the truth, the statute does not begin to run at law until its discovery. But the statute is put in motion as soon as the fraud is discovered, although its full extent or all the facts are not known." 2 Wood on Limitation [2 Ed.], p. 702.

The question is whether the statements made by defendant were such fraudulent concealments of the facts, as delayed the operation of the statute until a discovery of the truth. The question is not whether the county, or its agent the county court, was merely ignorant of the facts constituting the cause of action. Such ignorance will not suspend the operation of the statute unless it can be properly attributed to the fraudulent concealment of the facts by defendant. *Wells v. Halpin*, 59 Mo. 97; *Garrett v. Conklin*, 52 Mo. App. 659, and cases cited; *Foley v. Jones*, 52 Mo. 64.

It can not be said that the evidence of the facts

constituting plaintiff's cause of action was concealed or suppressed. The evidence all existed upon the official books and records of the office open to the examination of the court. The expert accountants who afterward made an examination encountered no difficulties in making an account of fees collected. They reported no destruction of books, or the suppression or concealment of no fact which could prevent an accurate statement being made.

It is insisted that the duty of this officer and his relation to the county court was such that the latter had the right to rely implicitly on the correctness of these statements and that making a statement which did not fully and truthfully account for all fees collected is such a fraudulent concealment of the facts as would delay the running of the statute. But the county court is required to examine the statements and see that they are correct before approving them; it was not intended that they should accept as true any statement the officer should make. The evidence by which the truth could have been ascertained was at hand and open to their examination. Indeed the statements themselves did not all purport to be accurate; they do not pretend to give an itemized account of the fees collected and from whom; they virtually refer the court to the records of the offices for the evidence.

The county court is given the power to audit the accounts of these officers and it is made their duty to examine statements made by them and, if necessary, to hear the evidence of witnesses. A mere examination of the statements is not a proper performance of their duty. They should see that the statements are correct. This is particularly so when the statements on their face, as in this case, are not such as the law requires. It can not be said that the county court was ignorant

of facts which were open to its examination, and which it was its duty to know.

Statutes of limitation are favored in the law and can not be avoided unless the party seeking to do so brings himself strictly within some exception. "A party seeking to avoid the bar of the statute on account of fraud must aver and show that he used due diligence to detect it, and if he had the means of discovery in his power, he will be held to have known it." *Wood v. Carpenter*, 101 U. S. 141; *Buckner v. Calcote*, 28 Miss. 434; *Nudd v. Hamblin*, 8 Allen, 130. A party can not avail himself of this exception to the statute where the means of discovering the truth were within his power and were not used. *Cole v. McGlathry*, 9 Me. 131.

In *Wood v. Carpenter*, *supra*, these, among other conclusions, were drawn after a careful survey of the authorities: "Concealment by mere silence is not enough. There must be some trick or contrivance intended to exclude suspicion and prevent inquiry. There must be reasonable diligence; and the means of knowledge are the same thing in effect as knowledge itself."

The county court had the means of knowledge at hand, it could have ascertained the truth by such an examination as duty required it to make, and we must hold that there was no such fraudulent concealment of the amount of fees collected as suspended the operation of the statute. The judgment is affirmed. BRACE, P. J., absent. The other judges of this division concur.