## SCOTT & BOWKER et al., Respondents, v. A. V. BOSWELL, Appellant.

### Kansas City Court of Appeals, April 19, 1909.

FRAUDS: Open: Secret: Limitation: Diligence. B having an option to take certain land within a given time at a given sum represented to plaintiffs that he could purchase the land for a larger sum. They examined the land and agreed to take certain portions in the event he could secure it at the price named, and later they accepted deeds and paid the money. About seven years after the purchase they discovered that B only gave the smaller sum and brought this action to recover the difference on the ground of fraud. *Held*:

(1) Where the fraud is an open one the Statute of Limitations runs within five years, but where it is a secret fraud the cause of action does not accrue until the discovery by the aggrieved party any time within ten years of the facts constituting the fraud.

(2) That the fraud alleged in the petition was an open one and could be easily discovered on examination of the record and plaintiffs were bound to use reasonable diligence to discover it.

(3) That the action commenced after five years but before ten years should be defeated by limitation, since B was not charged or shown to be guilty of any concealment.

Appeal from Jasper Circuit Court.—*Hon. A. E. Spencer*, Special Judge.

REVERSED.

*Perkins & Blair* and *A. L. Thomas* for appellant.

Instruction numbered 1 in the nature of a demurrer at the close of the entire case, should have been given because: (1) The petition does not allege that after the perpetration of the alleged fraud in 1899, and up to the date of the discovery of such fraud, the defendant has committed any act or done anything which was intended or calculated to exclude suspicion and prevent inquiry by

plaintiffs as to the alleged fraud. There is no allegation in the petition nor evidence at the trial that plaintiffs used any diligence whatever, to detect the alleged fraud and this must be alleged and proved. Shelby County v. Bragg, 135 Mo. 300; Wood v. Carpenter, 101 U. S. 141; Cotton v. Brown (Ky.), 4 S. W. 274; Tritzchler v. Kohler, 7 Ky. Law Rep. 34; Cavenaugh v. Britt, 13 S. W. 922; Green v. Salmon, 63 S. W. 270; Woods v. James, 9 S. W. 513; Boren v. Boren, 85 S. W. 48; Brown v. Brown, 11 S. W. 4.

*Gardner & Cameron* for respondents.

(1) Boswell could make no secret profit. He was in a fiduciary capacity, and was bound to act in good faith and make full disclosures to his associates in this transaction. Plaintiffs can sue and recover all that Boswell made together with interest. South Joplin Land Co. v. Case, 104 Mo. 580; Walker v. Evans, 98 Mo. App. 301; Land Co. v. Webster, 75 Mo. App. 464; Seehorn v. Hall, 130 Mo. 257; Dennison v. Aldrich, 114 Mo. App. 700; Trice v. Comstock, 121 Fed. 620. (2) This action is not barred by the Statute of Limitations. The petition alleges, and the evidence shows that the profit made by defendant Boswell, was made by deceiving his associates, and though more than five years elapsed between the time of the transaction and the time the suit was brought, only a few weeks elapsed between the time of the discovery of the fraud, and the time the suit was brought. In such cases the statute does not begin to run until the fraud is discovered. R. S. 1899, sec. 4273; Bent v. Priest, 86 Mo. 475. (3) The plaintiffs cannot be charged with knowledge of this transaction until they have actual knowledge. Constructive notice is not sufficient where plaintiffs rely upon statement of defendant. Lander v. Ziehr, 150 Mo. 403; Fellows v. Wise, 49 Mo. 351; Judd v. Walker, 315 Mo. 312, 114 S. W. 797; Judd v. Walker, 114 Mo. App. 128; Hoock v. Brown, 42 Neb. 80; 25 Cyc., 1190-1193; 2 Pomeroy's Equity

(3 Ed.), sec. 895, and cases cited; Duffit v. Tuhan, 28 Kan. 292; Clark v. Edgar, 84 Mo. 111; Mahan v. McGraw, 28 Wis. 622; Bailey v. Smock, 61 Mo. 213; Smith on the Law of Fraud, sec. 156. (4) The record of an option is only prima-facie evidence of its contents. It is not conclusive. The recorder is not a judicial officer, and while his records are prima-facie evidence of their contents they may be rebutted by other evidence. Therefore the contents of this option can be rebutted even though the court should hold it to be constructive notice. Boswell represented that the land could not be bought for less than $6,500. This amounted to a declaration that the terms stated in the option were untrue or that it had been waived by him or set aside, and even though plaintiffs or any one of them, had actual notice of the terms of this option, which they did not, the representations of Boswell would overcome that notice. Plaintiffs' had a right to believe the statements Boswell made to them. Goodrich v. Senate, 42 Atl. 409; Paving Co. v. O'Brien, 128 Mo. App. 283.

BROADDUS, P. J.—This is an action for fraud and deceit. The controversy grew out of a transaction in which plaintiffs and defendants became the purchasers of eighty-three acres of land situate in Jasper county, Missouri.

The land belonged to Mrs. Theresa Wink, who resided in Oklahoma. On the 12th day of October, 1899, she executed and delivered to the defendant Boswell what is known as an option contract, giving him the exclusive right to purchase said land at the price of $50 an acre, which option was to expire on the 6th day of January, 1900. This writing was filed for record in the recorder of deeds' office of Jasper county on the 4th day of December, 1899, and was duly recorded. On the 27th day of December, 1899, defendant Boswell exercised his said option right, purchased the land from Mrs. Wink for the sum of $4,150 and received from her a deed to

the land for that consideration, which consideration was recited in the deed. The deed was filed for record on the 3rd of January, 1900. On the 29th day of December, 1899, two days after he had received the deed from Mrs. Wink, Boswell with his wife conveyed an undivided three-twentieths of the land to plaintiff R. S. Doling; an undivided one-twentieth to plaintiff James S. Doling; an undivided three-twentieths to plaintiff W. W. Whaley; an undivided one-twentieth to plaintiff John F. Bryan; an undivided one-tenth to plaintiffs, Scott and Bowker; and an undivided one-tenth to defendant John Patten.

The matter remained in this condition until the year 1906, when the plaintiffs herein brought a partition suit in the circuit court of Jasper county against the defendants herein for a partition of the land, after which by mutual agreement it was divided between plaintiffs and defendants by exchange of deeds, by which division plaintiffs received forty-three acres and defendants forty acres thereof.

After Boswell had received the option from Mrs. Wink and recorded the same, he met plaintiff Scott and the two had a conversation in which Boswell undertook to induce Scott to buy an interest in the land. Scott informed his partner, plaintiff Bowker, of said conversation, and the latter went to Joplin and out to the land and examined it. On the 6th day of November, 1899, plaintiffs, Scott and Bowker, entered into a written contract whereby they agreed to purchase from Boswell an undivided one-tenth of the land for $650.

Sometime after Boswell had obtained said option he was in Springfield, Missouri, when he met plaintiffs, James M. Doling and W. W. Whaley, and had a talk with them about the land; afterwards they went to Joplin and went out in company with plaintiff Bowker and Boswell and examined the land; and afterwards they agreed to purchase the several undivided interests in the land which were afterwards conveyed to them by Boswell as stated. It does not appear that Boswell had

any talk with the plaintiffs, R. S. Doling and John F. Bryan, in person, about the land, but it does appear that James M. Doling represented them in the transaction. It was not shown that defendant Patten had any connection with the plaintiffs in the transaction and the court dismissed him from the proceedings.

The plaintiff Bowker testified that he met Boswell in company with plaintiffs, Doling and Whaley, in Joplin and had a talk about the land, in which Boswell said that there was an opportunity to buy the land from a widow woman who resided in the Territory; that the land could be bought for $6,500 and that he regarded it as very cheap; that he was unable financially at the time to buy the entire tract himself or put that much money in it; and that "if we would go in with him and buy this land, we would divide it up into tenths, he would take a certain part of the tenths, three or four tenths, and if the rest of us would take the balance we would go in and buy it." He testified that the other parties present agreed to take certain interests in the land; and that Boswell said that it would take some little time to get the deed and abstract made and see the title was all right, and as soon as that was done that "he would notify us and we could send our money to the bank" in Joplin; and that "we would have to bear our proper part" of the expenses whatever they would be.

Plaintiff Scott's evidence corresponded with that of witness Bowker in regard to Boswell's representations. James M. Doling testified that he represented R. S. Doling and Bryan in the transaction. Other evidence was introduced which showed conclusively that plaintiffs understood from defendant Boswell that he would buy the land at $6,500 for the mutual benefit of all parties and that they entered into the arrangement with the understanding that they were to get it at what it cost. The defendant tendered evidence to prove that the land was of greater value than the price the plaintiffs paid for it. The court refused the tender. The plaintiffs did

not learn that Boswell had the option on the land for the sum of $4,150 until more than five years after they purchased their respective interests, but less than ten years thereafter.

The plaintiffs recovered judgment and defendant appealed. The defendant raises several questions on his appeal, but we shall only consider the one that we believe is decisive of the case, to-wit, the right of plaintiff to recover on the pleadings and testimony.

The action was commenced more than five years after the date of the alleged fraud, but within five years from the alleged date of its discovery. The statute provides that actions for fraud shall be commenced within five years, "the cause of action in such case to be deemed not to have accrued until the discovery by the aggrieved party at any time within ten years of the facts constituting the fraud." The petition alleges that the fraud was not discovered until seven years after the purchase by plaintiffs of their respective interests. The suit was begun immediately thereafter. The contention of defendant is that as there is no allegation and proof thereof, that plaintiff used any diligence to discover the alleged fraud, and no allegation and proof thereof, that defendant said or did anything to prevent the discovery of the alleged fraud, the plaintiff is not entitled to recover.

It is held that, where plaintiff was in possession of the means of discovering the fraud from the time of its perpetration, and did not use them, the concealment of the facts by defendant by mere silence was not enough to bar the running of the statute. And that the petition in such case must charge, and the evidence show, that it was by reason of something defendant did or said that the discovery of the fraud was not discovered sooner. [Callan v. Callan, 175 Mo. 346.] "A party seeking to avoid the bar of the statute on account of fraud must aver and show that he used due diligence to detect it, and if he had the means of discovery in his power he

will be held to have known it." [Shelby County v. Bragg, 135 Mo. 291 1. c. 300.] Many other authorities might be cited to the same effect. The plaintiff relies upon Bent v. Priest, 86 Mo. 475. But that was a case where the fraud practiced by an agent was accomplished in secret and the court held that under such circumstances the cause of action did not accrue until the fraud was discovered. And the court used the following language in drawing the distinction between open and secret frauds, to-wit, "If the substantial facts constituting the fraud, in cases like the one under consideration, were open, it is believed, under the equity rules, the Statute of Limitations would have applied at once, but if the facts were in their nature secret and unknown, it is believed the statute would not begin to run until they were discovered, there being no want of diligence on the part of the complainant."

In this case, the alleged fraud was not of a secret nature, but an open one. It was a matter open to discovery to the plaintiffs at all times. At any time, by an inspection of the record, they could have learned from defendant's option deed the price he was to pay for the land, and, further, by inquiry of the owner of the land they could have learned that fact. And there is no evidence tending to show that defendant did or said anything to prevent a discovery of the fraud; besides, there are no allegations of diligence or that defendant said or did anything to prevent discovery. It follows, therefore, that the court committed error in refusing to sustain defendant's demurrer to the evidence. The cause is reversed. All concur.