Heisler v. Clymer.

# ANTONE HEISLER, Appellant, v. MILTON G. CLYMER, Respondent.

### St. Louis Court of Appeals. Submitted on Briefs November 4, 1913. Opinion Filed December 2, 1913.

1. **STATUTE OF LIMITATIONS:** Five-Year Statute: Fraud and Deceit. The petition, in an action for the value of certain shares of stock and for an accounting, alleged a purchase by defendant, as agent and trustee for himself, plaintiff, and three others, of 185 shares of stock of a corporation of which defendant and plaintiff were both stockholders; that he paid the purchase price with borrowed money, for which he gave his note, pledging the shares as security; that thereafter the corporation consolidated with another corporation; that defendant, acting as such agent and trustee, exchanged the 185 shares for stock in the consolidated company; that he notified plaintiff that his proportion thereof was 37 shares; that, relying upon this representation, is was agreed that plaintiff would take and pay for 25 shares, as he was not able to take the whole 37 shares; that the 185 shares were exchanged for 277½ shares in the consolidated company, and plaintiff was therefore entitled to 12½ shares additional; that defendant falsely and fraudulently stated to plaintiff that he was giving and transferring to him his full pro rata share; that plaintiff, having been long associated with defendant, reposed implicit faith and confidence in him, and fully relied upon such representation, and accepted and paid for the 25 shares, believing it to be true; that such representation was false and fraudulent, as defendant then held 12½ extra shares, which were the property of plaintiff; that defendant fraudulently concealed the truth from plaintiff, held the stock, and converted it to his own use, and thereafter concealed the truth and continued to secretly hold and use the stock or its proceeds; and that plaintiff had no knowledge whatever that defendant had concealed the fact of his having received such 12½ shares until within eight weeks before the filing of the suit, whereupon he demanded the stock or its value, and defendant again falsely represented that plaintiff had been given his full share of the stock. The transfer of such stock to plaintiff was more than five years before the bringing of the suit. Defendant pleaded the five-year statute of limitations, and the cause was submitted on an agreed statement, which did not show any act of concealment with any more particularity than the petition. *Held,* that a motion for judgment on the pleadings was properly sustained, as the petition did not show sufficient facts to bring the case within subdivision 5 of Sec. 1889,

R. S. 1909, providing that, in actions for relief on the ground of fraud, the cause of action is to be deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud.

2. ———: ———: ———. Under the fifth subdivision of Sec. 1889, R. S. 1909, providing that actions for fraud must be commenced within five years, but that the cause of action in such case shall be deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud, the action must be brought within five years, and not within ten years, after the discovery of the facts constituting the fraud.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm*, Judge.

AFFIRMED.

*N. P. Zimmer and Marion C. Early* for appellant.

(1) The court erred in ruling that the five-year Statute of Limitations barred plaintiff's right of recovery. He relied upon the representations of defendant, which under the circumstances he was entitled to do. He was not obliged to make an independent investigation to discover fraud. He is entitled to the ten-year period of limitation of the statute even though it be held plaintiff's cause of action accrued when the stock was delivered in July, 1902. R. S. 1909, sec. 1889; Fitzpatrick v. Stevens, 114 Mo. App. 497; Ruff v. Milner, 92 Mo. App. 620. (2) One should not be allowed to avoid liability upon the ground that another trusted him. Upon the facts disclosed in the record silence upon the part of defendant amounted to fraudulent concealment. This should be held a continuing trust. Newberry v. Wilkinson, 199 Fed. Rep. 673; State v. Milwaukee, 138 N. W. 1006; Perry on Trusts, sec. 178; Callan v. Callan, 175 Mo. 346; Hudson v. Cahoon, 193 Mo. 547; Bank v. Thayer, 184 Mo. 61; Scott v. Boswell, 136 Mo. App. 601. (3) Upon the record

here the allegations of the petition and statement of facts are admitted. The cause should not, therefore, be remanded. The lower court should be reversed and judgment entered for appellant with decree for an accounting. Evidence improperly excluded should be considered as in the record on appeal. State v. Jablousky, 169 Mo. App. 238.

*Schnurmacher & Rassieur* for respondent.

(1)   An action based on fraud, to recover a money judgment, is governed by the 5th subdivision of the five-year Statute of Limitations, whether the action be brought at law or in equity. Sec. 1889, R. S. 1909, subdivision 5. Johnson v. Railroad, 243 Mo. 278. This rule applies also to all trusts, except such as are cognizable only in equity. Landis v. Saxton, 105 Mo. 406; Johnson v. Railroad, supra.   (2)   To bring himself within the 5th subdivision of Sec. 1889, R. S. 1909, plaintiff must allege and prove facts showing diligence on his part to discover the alleged fraud or that defendant was guilty of acts which prevented plaintiff from making the discovery. No attempt was made to bring the case within this rule. Johnson v. Railroad, supra; State ex rel. v. Yates, 231 Mo. 276; Callan v. Callan, 175 Mo. 346; Shelby County v. Bragg, 135 Mo. 291; State ex rel. v. Musick, 145 Mo. App. 33; Scott v. Boswell, 136 Mo. App. 601.   (3)   Under the facts averred, the defendant cannot be regarded as a trustee for plaintiff. The shares were purchased by defendant with his own money and became his property, in his own right—subject only to his oral agreement to permit the plaintiff and others to participate in the purchase. The right of action, then, is an action based upon this oral agreement, and the same is likewise barred by the five-year statute.   (4)   The petition shows that whatever may have been the arrangement of the parties in 1900, nevertheless in 1902 a different

arrangement was, in lieu thereof, agreed upon, and no action based upon the original agreement could be enforced, even if the Statute of Limitations did not bar such action.

REYNOLDS, P. J.—This is an action to recover the value of certain shares of stock, charged to have been converted by defendant to his own use, July 15, 1902, and for an accounting of the profits received by defendant from time to time as the holder of these shares. The statement of the case by counsel for respondent is brief and fair, so that we adopt it, not literally, but substantially, as a summary of the amended petition on which the case went to trial.

It is alleged in that petition, that in 1896, plaintiff Heisler, defendant Clymer and several others organized the Columbia Preserving Company and agreed with each other that the interest of each should be and always remain the same; that in January or February, 1900, two of the stockholders, owning 185 shares, wanted to sell their shares and that plaintiff, defendant and three other stockholders then owning all of the stock except the shares so offered for sale, agreed to purchase these 185 shares; that defendant was selected as the agent of the five and, acting as such agent and trustee, but in his own name, purchased the 185 shares at and for the price of $15,000, borrowed the money for this purchase, giving his own note for it, and pledged the shares as security for the debt incurred by him in the purchase; that defendant took the title to the stock in his own name, although he was in fact holding it in trust for the five parties; that in March, 1900, the stockholders of the Columbia Preserving Company voted to unite that company with the St. Louis Syrup & Preserving Company, and the latter company agreed to the consolidation, provided defendant and his associates would purchase the 185

179 App. 8

shares above referred to from the then holders of those shares; that on the consolidation of the two companies, defendant, acting as such agent and trustee, exchanged the 185 shares of Columbia Preserving Company stock for stock in the St. Louis Syrup & Preserving Company, which stock was issued to defendant but held by him as such agent and trustee for the five original parties. It is then alleged that on or about July 15, 1902, plaintiff was notified by defendant that plaintiff's pro rata of the stock of the St. Louis Syrup & Preserving Company was thirty-seven shares, and that the shares were ready for distribution. (We add here that it appeared by the agreed statement that the note for $15,000, which defendant had given had matured and that it and its accrued interest had to be paid, and that plaintiff was then, that is in July, 1902, called upon to pay his proportion of the note and accrued interest, upon doing which he would receive his proportionate number of the 185 shares.) It is further averred that relying upon this representation of the defendant, it was agreed between plaintiff and defendant, "that plaintiff would take and plaintiff did take and pay for twenty-five shares of said stock at and for the sum of $2500, for the reason that at that time plaintiff was not able to take all of said thirty-seven shares." It is then charged that defendant had received in exchange for these 185 shares of Columbia Preserving Company stock 277½ shares of the St. Louis Syrup & Preserving Company stock, therefore plaintiff avers that he (plaintiff) is entitled to have one-half share additional with each of the twenty-five shares of stock so transferred to him, or twelve and a half shares additional. That part of the petition charging fraud is as follows:

"Plaintiff further states that at the time, to-wit, on or about July 15, 1902, said defendant notified this plaintiff that said stock was ready for distribution among the persons aforesaid, he falsely and fraud-

ulently stated to this plaintiff that he was giving and transferring to him his full pro rata share of said stock, and plaintiff having been long associated with defendant in business, reposed implicit faith and confidence in said defendant and fully relied upon said representations of defendant, believing the same to be true, accepted and paid for twenty-five shares of said stock. Plaintiff further says when defendant represented to plaintiff that he was transferring to him all the stock to which he was entitled said representation was false and fraudulent for the reason that in truth and in fact defendant at the time held said extra twelve and a half shares as aforesaid which was in truth the property of this plaintiff, and he was entitled to have the same. But plaintiff says that defendant so fraudulently concealed the truth from this plaintiff, held said stock, transferred and converted the same to his own use and ever thereafter concealed the truth from this plaintiff and continued to secretly hold, use said stock or its proceeds.

"And plaintiff says that said defendant Clymer held and now holds said twelve and one-half shares of said stock so fraudulently concealed and held back from this plaintiff and converted the same to his own use. Plaintiff further says that he had no knowledge whatever that said defendant had so concealed the fact of his having received said twelve and one-half shares of said stock and so wrongfully converted the same to his own use until within the last eight weeks before the filing of this suit, whereupon he demanded of defendant said stock or its value and accumulated dividends, which was by defendant refused, said defendant at said time again falsely representing to plaintiff that he had already been given his full share of said stock. That said fraud remained and was kept secret and concealed from this plaintiff until it was so discovered by him at the time stated, and this

suit is filed within less than ten years after the commission of said secret fraud upon this plaintiff.''

Plaintiff further charges that the St. Louis Syrup & Preserving Company stock was transferred by defendant to the Corn Products Company; that defendant had received large dividends on the stock which he had also converted to his own use and that the twelve and one-half shares are now worth $6000. Judgment is prayed against defendant for the value of this stock, namely, $6000, together with all dividends collected by him from and after the date of the conversion, and that defendant be compelled to account for all profits realized through sales and transfers of the stock and for such other and further relief as to the court might seem just and proper.

Defendant filed a general denial of the allegations of the petition and also pleaded the five-year Statute of Limitations as a bar to the action.

The cause coming on for hearing before the court, counsel for plaintiff made a statement to the court of what the evidence would show to be the facts in the case, of which it may be said that it covered, but somewhat more in detail, the facts set out in the petition. It is to be especially noted that this statement went no further into any particularization of acts of concealment than does the petition, all of the averments of which as to that are given in the above quotation from the petition itself. At the conclusion of this statement, by agreement of counsel, the cause was submitted to the court on the statement and pleadings and on a motion of defendant for judgment on the pleadings. This motion was sustained, judgment accordingly being entered in favor of defendant. Saving exception, interposing a motion for a new trial and excepting to that being overruled, plaintiff has brought the case here on appeal, assigning as errors the action of the court in sustaining the demurrer and motion for judgment on the pleadings; that the court erred in hold-

ing, under the petition and statement of facts, that the cause of action was barred by the five-year Statute of Limitations; that the court erred in ruling that plaintiff was barred by the Statute of Limitations because plaintiff had relied upon representations made by defendant, thus allowing defendant to benefit by his own fraud; that under the admitted facts the court erred in refusing to enter a judgment and decree for plaintiff for the value of the stock in question and for an accounting; that the court erred in denying the contention of plaintiff that he was protected and entitled to recover under the ten-year Statute of Limitations; that the court erred in entering judgment for defendant on the admitted facts and in overruling plaintiff's motion for a new trial.

It will be apparent from an examination of the averments of the petition, and these confirmed by the statement, that the transaction upon which the cause of action is founded, took place on or about the 15th of July, 1902, that being the date upon which it is alleged that defendant, notifying plaintiff that the stock was ready for distribution among those entitled to it, had falsely and fraudulently stated to plaintiff "that he was giving and transferring to him his full pro rata share of said stock," stating that at thirty-seven and one-half shares, and had transferred and delivered to plaintiff twenty-five shares at $2500, that being all of the shares plaintiff was then able to pay for. The ground of attack upon the petition and the sufficiency of the facts stated is, that neither in the petition nor in the statement of facts plaintiff proposed to prove, is it anywhere alleged that defendant ever stated anything or did anything which would prevent plaintiff, if he had exercised ordinary diligence, from discovering at the time, that is, in July, 1902, the facts which he now alleges to be facts, and that although the Statute of Limitations had been pleaded by defendant, plaintiff had not, by reply, set up any facts which

would entitle him to the benefit of the fifth clause or subdivision of section 1889, Revised Statutes 1909.

This action was commenced March 7, 1910. It is contended that considering the facts pleaded and also stated as the facts which could be proved, plaintiff had not made out a case which brought him outside the operation of the five-year limitation and within the exceptions of this fifth clause of section 1889 (Statute of Limitations). This section 1889 designates what actions shall be barred in five years, the fifth subdivision, among others, including actions for relief on the ground of fraud, provided that "the cause of action in such case to be deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud." It is claimed, and this is the theory upon which the learned trial court acted, that the facts which counsel for plaintiff had pleaded and had announced in his opening statement that he expected to prove, were not facts which would take the case out of the operation of the statute; that no explanation whatever was offered to show why plaintiff, who was himself a stockholder of the Columbia Preserving Company, and who claims to have been interested to the extent of one-fifth in the 185 shares purchased by defendant, should not have known that the shares purchased by defendant were exchangeable like all the rest of the stock, on the basis of one share of the old for one and a half shares of the new stock; nor was any explanation made to show why plaintiff did not learn from his three other associates, all interested with him in the purchase of the 185 shares, the disposition defendant had made of the 185 shares and of the shares received from the St. Louis Syrup & Preserving Company in exchange therefor; nor was any explanation made to show why plaintiff did not go to the books of the corporation and there ascertain that defendant had received one and a half shares of the new for each share of the old stock

which he turned in, and which plaintiff had received upon his own stock; nor is it claimed that plaintiff ever inquired of defendant as to the number of shares of the new company he had received in exchange for the 185 shares of the old.

This is the summary of the statement of the position of defendant in the case. An examination of what transpired before the court when plaintiff was making his statement and when the petition and the facts stated were under consideration by the court, shows that these were the points involved, and that they covered the one point particularly involved, namely, the application of the exception in the fifth subdivision of section 1889. It is evident that the reference by plaintiff, in his assignment of errors, to the ten-year Statute of Limitations, is to the ten years mentioned in this subdivision five and not to the ten-year limitation covered by section 1888, as there is no pretense that this action falls within section 1888.

Keeton's Heirs v. Keeton's Admr., 20 Mo. 530, is, so far as we are aware, the first case in which the construction of the Statute of Limitations and the disabilities and exceptions contained therein, appears to have come before our Supreme Court for full consideration. It is true that a paragraph of the opinion, to the effect that parties not barred could not unite in action with those who were, was held no longer to be true, owing to a subsequent change of the statute, in Sutton v. Dameron, 100 Mo. 141, l. c. 154, 13 S. W. 497, but save as to that point the case has often been cited and followed. As applicable to the case at bar, it is to be noted that it is said in this Keeton case (l. c. 542), that where the answer sets up the Statute of Limitations as a defense and there is no averment in the petition itself, or in the reply, pleading the exceptions contained in the statute, that no evidence could be received in relation to them; "for the evidence, to be

admissible, must be founded on some allegation in the pleadings."

In Landis v. Saxton, 105 Mo. 486, l. c. 489, 16 S. W. 912, answering the question as to whether the action of the plaintiff in that case was barred by this fifth subdivision of section 1889, it is said: "The trusts against which the statute will not run 'are those technical and continuing trusts which are not at all cognizable at law, but fall within the proper, peculiar and exclusive jurisdiction' of a court of equity, but other trusts which are the ground of an action at law are open to the operation of the statute.  [Kane v. Bloodgood, 7 John. Ch. 90.]  The kind of trusts which fall within the exclusive jurisdiction of a court of equity are direct trusts, created by deed or will, or by apointment of law, e. g., executorships or administrations; but cases of constructive or implied trusts, which result from partnerships, agencies and the like, are subject to the operation of the statute.  [Farnam v. Brooks, 9 Pick. 212.]  The crucial test in all such cases is: Is there a remedy at law?  If there is, that is a conclusive answer to the claim that a technical trust as aforesaid has been created.  [Murray v. Coster, 20 Johns., loc. cit. 583.]"

This same rule was announced in Shelby County v. Bragg, 135 Mo. 291, 36 S. W. 600.  There at page 296, it is said: "The rule is that in implied trusts which grow out of the facts and circumstances of each case, the statute commences to run as soon as a party has a right to commence a suit to declare and enforce it."  Keeton's Heirs v. Keeton's Admr., supra, is cited for this.

In Callan v. Callan, 175 Mo. 346, 74 S. W. 965, referring to Shelby County v. Bragg and quoting from Farnam v. Brooks, supra, to the effect that if the aggrieved party knew of the fraud when it was committed, or had full possession of the means of detecting it, which is the same as knowledge, neglect to bring

forward the complaint for more than the statutory period, will deprive him of his remedy, and it is there noted that the authorities are all one way upon this question. After citing many of them, it is said (l. c. 361), quoting from Wood on Limitations (3 Ed.), sec. 276: ''The bill or complaint should set forth the nature of the transaction fully, and also the acts of concealment, and the time of its discovery. . . . The concealment contemplated by the statute is something more than mere silence; it must be of an affirmative character and must be alleged and proved so as to bring the case clearly within the meaning of the statute.'' After citing cases, the court continues (l. c. 361): ''While the petition alleges that the fraud complained of was not discovered by plaintiff until September, 1898, it does not allege what the discovery was, nor does the proof show that it was by reason of anything that defendant said or did that it was not discovered earlier.''

State ex rel. v. Yates, 231 Mo. 276, 132 S. W. 672, is to the same effect.

In the recent case of Johnson v. United Railways Co., 243 Mo. 278, 147 S. W. 1077, quoting approvingly from Bent v. Priest, 86 Mo. 475, that this fifth clause of section 1889 applies to equitable as well as legal causes of action, it is further held that the cause of action involved was barred by the five-year statute, whether plaintiff and those from whom he purchased knew of the transaction or not, ''for the reason that the facts were open and known, appearing upon the records of the corporation. . . . No act of concealment of the facts is shown.'' Authorities are cited sustaining the proposition that, ''A party seeking to avoid the bar of the statute on account of fraud must aver and show that he used due diligence to detect it, and if he had the means of discovery in his power, he will be held to have known it. . . . A party cannot avail himself of this exception to the statute when the

means of discovering the truth were within his power and were not used. . . . Our conclusion is that it (the cause of action) accrued when plaintiff discovered the fraud; or when, by proper diligence as an ordinarily prudent man, he, under the circumstances, should have discovered it.'' The clause of the statute, it is further held, applies only to technical, express trusts, trusts created by deed or by will; does not cover implied trusts; referring to and quoting from Shelby County v. Bragg, supra. It is further there held that to prevent the statute from running, there must be concealment, and mere silence is not concealment; there must be some direct contrivance intended to exclude suspicion and prevent inquiry, and where the transactions' alleged to have been fraudulent were open to plaintiff, no concealment can be said to exist, for the means of knowing are held to be knowledge. The rule as to concealment and knowledge, it is further there held, does not apply to a party sustaining a fiduciary relation to plaintiff in a suit to compel that party to account for trust funds fraudulently converted to his own use, but such a relation of trust exists only where there is an express trust created by deed or will, or by law, and finally that the five-year statute is a bar to a suit to recover moneys converted to his own use by a constructive trustee of an implied trust, unless there has been such concealment of the facts as to defeat discovery. That the acts of concealment must be pleaded and proved, is universally held in all the authorities. Upon a practically unbroken line of authorities, the judgment of the learned trial court is right.

We are unable to find anything in the cases cited by learned counsel for appellant which lends support to the position here taken by them, to the effect that plaintiff was entitled to bring his action at ''any time within ten years'' of the discovery of the facts constituting the fraud. The authorities all hold, passing

on this very clause, that the right of action in a case such as this falls within the five-year limitation.

The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.*, concur.