# PUTNAM COUNTY, Appellant, v. JOHN D. JOHNSON.

### Division One, June 2, 1914.

1. **MONEY HAD AND RECEIVED: County Clerk: As Agent of County: Limitations.** A petition charging that defendant as agent of the county received certain money for the use of the county and that, after demand, he has not paid the same, states a cause of action for money had and received, and such an action is not barred by the three-year Statute of Limitations, but the five-year statute is applicable, although the petition in another count states that during the years of the appropriation of the money defendant was county clerk.

2. **COUNTY CLERK: Money Received and Retained: Fraudulently Concealed: Limitations.** In order that it may be held that the petition in a suit by the county against the county clerk for moneys received and retained by him is grounded on fraud, facts constituting the fraud, such as the destruction of the books or the concealment or suppression of the evidence from which the county court could have ascertained that he was wrongfully retaining money or making overcharges or duplicate charges, must be pleaded. If so pleaded, then the five-year Statute of Limitations applies.

3. **————: ————: In Virtue of His Office: Limitations.** A charge that defendant wrongfully exacted and charged the county $1306.91 for making out the tax books by counting sixty-five words and figures for each name instead of forty, the true number, charges that he received the money "in virtue of his office" as county clerk, and is not grounded on fraud, and hence the three-year Statute of Limitations (Sec. 1890, R. S. 1909) applies.

Appeal from Putnam Circuit Court.—*Hon. George W. Wanamaker,* Judge.

REVERSED AND REMANDED.

*D. M. Wilson, J. W. Clapp* and *E. A. Jarman* for appellant.

(1) The action is properly brought in the name of the county. Sec. 1729, R. S. 1909. (2) An action for money had and received is not barred by limitation until five years after the right of action accrues. Sec. 1889, R. S. 1909; Shelby County v. Bragg, 135 Mo. 291. (3) Where the fraud is an open one the Statute of Limitations runs within five years; if secret, ten years. Sec. 1889, R. S. 1909; Callan v. Callan, 175 Mo. 346. (4) The first count shows on its face that it is not barred by the three-year Statute of Limitations. Although the money was obtained in Johnson's official capacity as county clerk, it was not exacted and obtained "in virtue of his office." Sec. 1890, R. S. 1909. (5) The third and fourth counts follow the recognized forms of pleading for money had and received. Estee's Pleading (3 Ed.), sec. 835; Green & Myers, Plead. and Prac. (1 Ed.), sec. 658. (6) The common counts are good under our code. Carroll v. Paul, 16 Mo. 226.

*N. A. Franklin* and *J. C. McKinley* for respondent.

(1) The first and second counts charge him as an officer of the county, and in the third and fourth counts he is charged with money had and received as agent of the county, but in all the counts the sum asked for is exactly the same—the charge being that he received $2009.85, paid back $418.86, leaving a balance of $1590.99, for which plaintiff prays judgment—thus showing conclusively that the third and fourth counts of the petition relate to the same alleged delinquencies as set forth in the first and second counts, and that the petition should for the purposes of this demurrer be treated as a whole, and on the theory that the term agent of the county, and county clerk of the county, are synonymous terms so far as the pleadings are con-

cerned. In which case the three-year Statute of Limitation applies. Sec. 1890, R. S. 1909. State ex rel. v. Harter, 188 Mo. 516; Shelby County v. Bragg, 135 Mo. 291; State to use v. Daily, 4 Mo. App. 172; State ex rel. v. Stonestreet, 92 Mo. App. 214. (2) To extend the Statute of Limitations on account of fraud on the part of defendant such fraud must be specifically pleaded, and in case of a trial conclusively proved. In this case the word, fraud, is not mentioned in either count of the petition, much less specifically pleaded. Shelby Co. v. Bragg, 135 Mo. 300; Wood v. Carpenter, 101 U. S. 141.

GRAVES, J.—The plaintiff, being cast below upon a demurrer to its petition, suffered final judgment to go, and from such judgment has appealed. The petition, omitting therefrom the items of account in the first count thereof, reads:

"Plaintiff for its third amended petition, leave of court first had and obtained, states that it is a political subdivision of the State of Missouri, and as such has authority to bring this suit. That at the general election held in 1898, the defendant was elected county clerk of Putnam county, Missouri, for a term of four years, and that on the first day of January, 1899, he gave bond, qualified and entered upon the discharge of the duties of his said office, and continued to hold said office until the first day of January, 1903. That at the general election in 1902 the defendant was reelected to the said office of county clerk of said county, for another term of four years, and that on the first day of. January, 1903, he gave bond, qualified and entered upon the discharge of the duties of said office, and continued to hold the same until the first day of January, 1907.

"That during the years, 1900, 1901, 1902, 1903, 1904, 1905, and 1906, and while the defendant was county clerk of said county, he wrongfully and without

authority of law as such county clerk exacted and obtained from plaintiff the aggregate sum of two thousand and nine dollars and eighty-five cents, said aggregate sum being made up and composed of the following items, and in the manner following, to-wit:

. . . .

"That when the county court of said Putnam county ascertained that the defendant had wrongfully exacted, charged, obtained and received from plaintiff the said several items above enumerated, amounting to the aggregate sum of two thousand and nine dollars and eighty-five cents, and had only paid back the sum of four hundred and eighteen dollars and eighty-six cents, leaving unpaid and due plaintiff the said sum of fifteen hundred and ninety dollars and ninety-nine cents, the said court, by its order made on the fifth day of April, 1910, and during the February adjourned term, 1910, of said court, did order and direct the defendant to pay into the treasury of said county the sum of fifteen hundred and ninety dollars and ninety-nine cents, so found by said county court to be due said county, and that the defendant having failed, refused and neglected for more than fifteen days after the making and delivery to him of a copy of said order, to pay said sum of fifteen hundred and ninety dollars and ninety-nine cents, or any part thereof, into the treasury of said county as required by law, the said county court, by its order entered of record on the twenty-first day of April, 1910, and during its said February adjourned term, 1910, ordered that an action be brought against the defendant for the said sum of fifteen hundred and ninety dollars and ninety-nine cents, so found to be due plaintiff, and that the defendant has ever since failed and refused and still fails and refuses to pay the said sum of fifteen hundred and ninety dollars and ninety-nine cents or any part thereof into the treasury of said county.

"Wherefore, plaintiff prays judgment against the defendant for said sum of fifteen hundred and ninety dollars and ninety-nine cents, with interest thereon, and for costs.

"For another and further cause of action plaintiff says that it is a political subdivision of the State of Missouri, and as such has authority to bring this suit. That at the general election held in 1898, the defendant was elected county clerk of Putnam county, Missouri, for a term of four years, and that on the first day of January, 1899, he gave bond, qualified and entered upon the discharge of the duties of his said office, and continued to hold the same until the first day of January, 1903. That at the general election held in 1902 the defendant was again elected to the same office, and that on the first day of January, 1903, he gave bond, qualified and entered upon the discharge of the duties of said office, and continued to hold the same until the first day of January, 1907.

"That during the years 1900, 1901, 1902, 1903, 1904, 1905, and 1906, and while the defendant was county clerk of said Putnam county he wrongfully and without authority of law exacted, charged, obtained and received of and from plaintiff $2009.85, of which amount defendant thereafter and before the bringing of this suit paid back to plaintiff the sum of $418.36, leaving the net amount so wrongfully exacted, charged, obtained and received of and from the plaintiff by defendant and due plaintiff, the sum of $1590.99.

"That when the county court of said Putnam county became possessed of the knowledge that the defendant was so wrongfully retaining the said sum of $1590.99, the said court, by its order made on the 5th day of April, 1910, and during the February adjourned term, 1910, of said court, did order and direct the defendant to pay into the treasury of said county the said sum of $1590.99, and that the defendant having failed and refused and neglected for more than fifteen

days after the making and delivery to him of a copy of said order, to pay said sum of $1590.99, or any part thereof, into the treasury of said county as required by law, the said court, by its order entered of record on the 21st day of April, 1910, and during its said February adjourned term, 1910, ordered that an action be brought against the defendant for the said sum of $1590.99 so found to be due plaintiff, and that the defendant has ever since failed and refused and still fails and refuses to pay the sum of $1590.99, or any part thereof, into the treasury of said county.

"Wherefore, plaintiff prays judgment against defendant for the sum of $1590.99, with interest thereon, and for costs.

"For another and further cause of action plaintiff says that in the month of January, 1900, the defendant became the agent of the plaintiff, and remained such agent during the years 1900, 1901, 1902, 1903, 1904, 1905, and 1906, and that during said time the defendant received as agent for plaintiff the sum of $2009.85 and of said amount paid back to plaintiff the sum of $418.86, but retained in his possession the sum of $1590.99, and that although the plaintiff has often demanded of defendant the said sum of $1590.99 rightly due from defendant to plaintiff, yet defendant has refused and still refuses to pay plaintiff the said sum of $1590.99 or any part thereof.

"Wherefore, plaintiff prays judgment against defendant for the sum of $1590.99 with interest, and for costs.

"For another and further cause of action plaintiff says that during the years 1900, 1901, 1902, 1903, 1904, 1905, and 1906, defendant, at the county of Putnam, Missouri, received the sum of $2009.85 from plaintiff, as its agent, for the use of plaintiff. That of said sum defendant has paid back to plaintiff the sum of $418.86, leaving still due plaintiff the sum of $1590.99, that thereafter, to-wit, on the 5th day of April, 1910, plain-

tiff demanded payment thereof from defendant, but that defendant has not paid to plaintiff the said sum of $1590.99 or any part thereof. Wherefore, plaintiff prays judgment against defendant for $1590.99, with interest and costs of suit.''

The items pleaded, but not set out in the foregoing, will be more particularly noted later, if they become material.

To this petition the defendant interposed the following demurrer:

''Comes now the defendant and demurs to plaintiff's petition and to each count thereof.

''For the reason that the same do not state facts sufficient to constitute a cause of action against him under the laws of this State.

''For the further reason that there is a defect of parties plaintiff, the petition showing on its face that a part of the count sued for, if owing, belongs to the State of Missouri, and not to plaintiff. .

''And because the claim on which the suit is based as set forth in said petition and the several counts thereof is barred by the three-year's Statute of Limitations and also by the five-year's Statute of Limitations.

''Wherefore, defendant asks that this his demurrer to plaintiff's third amended petition be sustained and that he be discharged from further answering in the above entitled cause.''

The issues are, therefore, purely issues of law.

I. This judgment will have to be reversed and the cause remanded, but the reason for so doing should be fully discussed in view of the peculiar wording of the petition in the third and fourth counts thereof, and in further view of the fact that there must be a retrial.

The judgment upon the demurrer will have to be reversed, because both the third and fourth counts in this petition state good causes of action for money had

Money Had and Received:
Agent:
County Clerk:
Limitations:

and received. Not only so, but upon their face it is shown that the five-year Statute of Limitations is the only one which could be invoked, as to them, and it could not be successfully invoked. These counts in the petition do not proceed upon the theory of the defendant having been an official, and having received the money sued for "in virtue of his office" as contemplated by Revised Statutes 1909, section 1890, the three-year Statute of Limitation. These counts charge that the defendant received these funds as the agent of the county, not as an officer of the county. What the proof may show upon trial is one thing, and what the petition shows, when attacked by demurrer, is quite a different thing. It may be that the proof will utterly destroy the allegations of these two counts, but that is a matter to be determined upon the trial of the facts, rather than upon this demurrer. It is not uncommon for county officers to be agents of the county for matters beyond those of the office. Whether the facts will so show in this case, we have no means of knowing. We only know that defendant is alleged to have received the funds as agent. For this reason the demurrer was not well taken as to these two counts, and for like reason the instant judgment will have to be reversed.

II.  What we have just ruled would dispose of this case, but for the fact a trial *nisi* must be had, and the other questions involved should be ruled upon in view of that fact. It is stated in the brief that the trial court was of the opinion that the whole petition (and all the counts thereof) was directed against the defendant as an official, i. e., as county clerk, and that the cause of action in each count was barred by the three-year Statute of Limitations, supra. We have pointed out the error of this ruling in so far as the third and fourth counts of the petition are con-

County Clerk: Fraudulent Retention of Money: Sufficient Pleading.

cerned. Such counts were not drawn upon that idea. The first and second counts are different, however. The question now material is, whether these counts state a cause of action which is barred by the three-year statute. Plaintiff says not, and defendant *contra*. The statute, Revised Statutes 1909, section 1890, reads:

"Within three years: First, an action against a sheriff, coroner or other officer, upon a liability incurred by the doing of an act in his official capacity, and in virtue of his office, or by the omission of any official duty, including the non-payment of money collected upon an execution or otherwise; second, an action upon a statute for a penalty or forfeiture, where the action is given to a party aggrieved, or to such party and the State."

This question requires a statement of the items sued for in the count named, to the end that we may see whether or not they fall within this statute. These items, fully set out in the first count of the petition, are as follows:

"Item 1. The sum of one thousand three hundred and six dollars and ninety-one cents, being the amount wrongfully exacted and obtained from said county and charged for making out and computing the tax books, the defendant having wrongfully charged said county on a basis of sixty-five words and figures for each name on said tax books, instead of charging on a basis of forty words and figures for each name appearing thereon, the proper and correct basis as shown by actual count.

"Item 2. The sum of seventy-eight dollars and eleven cents, being the amount wrongfully charged exacted and retained as back salary for previous years, and to which the defendant was not entitled.

"Item 3. The sum of ninety-nine 'dollars and ninety-nine cents, being the amount wrongfully

charged, exacted and retained for three months' salary of thirty-three dollars and thirty-three cents each, in excess of what could be legally charged for the time served, and to which the defendant was not entitled.

"Item 4. The sum of one hundred and thirty-four dollars and fifty-five cents, being the amount of earning wrongfully and untruly reported and having been reported as received from the State, and not in accordance with the State report of same.

"Item 5. The sum of seventy-one dollars and fourteen cents, being school tax wrongfully and erroneously charged twice in the same year, and wrongfully exacted and retained by the defendant.

"Item 6. The sum of one hundred and fifty dollars, being the amount wrongfully charged, exacted and received for making three financial statements, at fifty dollars each, and in excess of the sum allowed by law for making said statements.

"Item 7. The sum of one hundred and sixty-nine dollars and fifteen cents, being total excess erroneous earnings on revenue and miscellaneous services, the said amount being made up of the sum of two hundred and sixty dollars and fifty-seven cents, wrongfully charged, exacted and received from plaintiff for 26,057 words and figures falsely reported as in tax books and being 26,057 words and figures in excess of the true number of words and figures in said tax books; and the further sum of three dollars and seventy-five cents wrongfully charged, exacted and received for commissioners' orders, making a total of two hundred and sixty-four dollars and thirty-two cents, and from which should be deducted the sum of ninety-five dollars and seventeen cents paid back by defendant, and leaving an excess overcharge of one hundred sixty-nine dollars and fifteen cents, said several items aggregating the total sum of two thousand and nine dollars and eighty-five cents, so wrongfully exacted, charged, obtained and received from plaintiff as aforesaid, and of which

said aggregate amount the defendant thereafter and before the bringing of this suit, paid back to plaintiff the sum of four hundred and eighteen dollars and twenty-six cents, leaving the net amount so wrongfully exacted, charged, obtained and received by defendant and due plaintiff the sum of fifteen hundred and ninety dollars and ninety-nine cents.''

More than three years had elapsed, and if these items come within the purview of the statute above quoted, and such statute has not in some way been tolled under the facts pleaded, then the demurrer was properly sustained as to these counts. Plaintiff urges in the brief that these items were not received by the defendant ''in virtue of his office,'' but that they were fraudulently received. To the one class of cases the three-year statute applies, whilst as to the other the five-year statute would apply.

We have fully set out the petition. The wording of it is not such as to justify us in saying that the actions in the first and second counts of the petition stated, are grounded upon fraud. If this was the view of the pleader, then he failed to allege facts sufficient to state a cause of action. [Shelby Co. v. Bragg, 135 Mo. 291.] In the Bragg case, MACFARLANE, J., said:

''It cannot be said that the evidence of the facts constituting plaintiff's cause of action was conceded or suppressed. The evidence all existed upon the official books and records of the office open to the examination of the court. The expert accountants who afterward made an examination encountered no difficulties in making an account of fees collected. They reported no destruction of books, or the suppression or concealment of no fact which could prevent an accurate statement being made.

''It is insisted that the duty of this officer and his relation to the county court was such that the latter had the right to rely implicitly on the correctness of these statements and that making a statement which

did not fully and truthfully account for all fees collected is such a fraudulent concealment of the facts as would delay the running of the statute. But the county court is required to examine the statement and see that they are correct before approving them; it was not intended that they should accept as true any statement the officer should make. The evidence by which the truth could have been ascertained was at hand and open to their examination. Indeed, the statements themselves did not all purport to be accurate; they do not pretend to give an itemized account of the fees collected and from whom; they virtually refer the court to the records of the offices for the evidence.

"The county court is given the power to audit the accounts of these officers and it is made their duty to examine statements made by them and, if necessary, to hear the evidence of witnesses. A mere examination of the statements is not a proper performance of their duty. They should see that the statements are correct. This is particularly so when the statements on their face, as in this case, are not such as the law requires. It cannot be said that the county court was ignorant of facts which were open to its examination, and which it was its duty to know."

It is true that Judge MACFARLANE was discussing the tolling of the Statute of Limitation by fraudulent acts, but he says much that is of interest here. The county court passes upon and allows charges of the county clerk. To state a good cause of action grounded upon fraud, and fraud practiced must be pleaded. This is as much requisite in a petition grounded upon fraud, as it is a requisite to show fraud for the purpose of tolling the statute. We do not believe the pleader intended to ground the action upon fraud, but if he did, the demurrer was well taken, because the facts alleged were insufficient. The five-year Statute of Limitation has no application to the first and second counts.

But plaintiff says the three-year statute, supra, has no application, because the items of cash named were not received by defendant "in virtue of his office." We do not agree to this view. If they were not received "in virtue of his office" how were they received? We can conceive of no other way or capacity in which they were received. They may have been wrongfully and, speaking from the statute, unlawfully received, but they were evidently received "in virtue of his office." In other words they were received as an officer, not as an individual or agent. Take the alleged overcharge for the tax books. Whether the defendant was allowed or retained the proper or the improper amount for such service, yet whatever amount he did retain for such services was retained by him officially, for official work, and was received, had, held and retained "in virtue of his office" as used in the statute.

If these two counts (first and second) do not plead actions grounded upon fraud, as we have held, and if they do seek to recover from defendant money wrongfully held by him, but received by him "in virtue of his office," then the three-year Statute of Limitations applies, and the causes of action stated in these two counts are barred by such statute. Upon this theory the trial court was right in sustaining the demurrer as to these counts. Other grounds of demurrer are not well taken. We suspect plaintiff may have trouble in proving a case under counts three and four of the petition, but that remains to be seen. Under the views above expressed, the instant judgment will be reversed and the cause remanded. All concur.