BYERS et al. v. JACOBS et al., Appellants.

### Division Two, June 28, 1901.

**Practice:** STRIKING OUT UNTIMELY ANSWER: DELAY: MERITORIOUS DEFENSE. The trial court can not be convicted of exercising an unwise discretion in striking out an answer which has been filed out of time without permission of the court or agreement with the other side, if there is no excuse for the delay. An attorney, who is well enough to be in the court room the first three days of the term, is well enough to ask leave of the court to file an answer out of time. And whether or not the discretion was wisely exercised depends somewhat on whether the answer sets up a meritorious defense. A general denial will not be so considered where the petition is a prayer to set aside a sheriff's deed in partition on the ground that the sale was made in fraud, but such answer must plead an estoppel in such case.

Appeal from Boone Circuit Court.—*Hon. Jno. A. Hockaday,* Judge.

AFFIRMED.

*Wm. R. Gentry* for appellants.

The court erred in sustaining plaintiff's motion to strike out defendants' answer. "The courts, upon good cause shown and for the furtherance of justice, may extend the time prescribed in this article for filing any pleading, or motion, upon such terms as shall be just." R. S. 1889, sec. 2062. The answer

filed by defendants stated a meritorious defense, which, if established, would have defeated plaintiffs' case. No negligence has been shown, either on the part of the attorney for defendants or his clients. When the court is convinced of that fact, it can and will interfere with the action of the trial court as has been done repeatedly by this court in such cases. It will do so in the interest of justice. Stout v. C. & T. Lewis, 11 Mo. 438; Judah v. Hogan, 67 Mo. 252; Tucker v. Ins. Co., 63 Mo. 588.

*E. W. Hinton* and *Webster Gordon* for respondents.

(1) Since in case of judgment by default there is no trial (Crossland v. Admire, 118 Mo. 87), the defendants should have moved to set aside the default instead of moving for a new trial. And in the absence of a timely motion to set aside the default, there is nothing preserved for review. Matthews v. Cook, 35 Mo. 286. (2) No error was committed in striking out the answer filed long after the time for pleading had expired. (a) The affidavits fail to show when Mr. Gentry was employed to defend the case. He may have been employed after the time for answering had expired. And it is not suggested in his own affidavit that he was unable to file an answer. It was not controverted that Mr. Gentry was in attendance upon the court during the first three days of this term, and the trial court doubtless had some personal knowledge as to his condition. (b) There was no showing of any meritorious defense by affidavit or otherwise. The answer consisted of no more than a general denial because the attempted plea of estoppel wholly failed to set out that the plaintiff had received her part of the proceeds of the partition sale with knowledge of the defendant's fraudulent conduct. In order to have justified the trial court in setting aside the default, both a meritorious defense and a suffi-

cient excuse for not making it in time should have been shown. Howell v. Stewart, 54 Mo. 407; Robyn v. Chronicle, 127 Mo. 390; Pry v. Railroad, 73 Mo. 123; Hallowell v. Paige, 24 Mo. 590; Cooney v. Murdock, 54 Mo. 349; Castlio v. Bishop, 51 Mo. 162.

GANTT, J.—This is an appeal from a decree in the Boone Circuit Court in a suit in equity to have a sheriff's deed in partition set aside and cancelled on the ground that the purchaser, the defendant, James Jacobs, at the sheriff's sale, represented to others present that he was bidding on the property (certain real estate in Columbia) for the plaintiff, and that by his acts and words deterred others from bidding on the same; that he was her agent and bought the property in for plaintiff, Fannie Byers, but refused to turn it over to her, and afterwards conveyed it to defendant Jane Logan, who had full notice of the fraud. The petition tendered into court the amount paid by defendant Jacobs for the land, together with legal interest, and prayed that the defendants be charged as trustees.

The defendants filed no answer within the three days allowed by statute, but some five days after the time for answering had expired, the defendants without asking or obtaining leave for that purpose filed an answer, in these words:

"Now on this day come the defendants herein, and for their joint and several answer to plaintiff's petition filed, say that they deny each and every allegation and averment in said petition contained.

"And for their other and further answer, defendants say that heretofore, to-wit, on the — day of March, 1896, the plaintiffs instituted a suit in the circuit court of Boone county, Missouri, for the partition of the real estate described in plaintiff's petition; and on the twentieth day of November, 1896, the circuit court entered a judgment and decree for the partition of

the same, and on the fourth day of January, 1897, the said real estate was sold by the sheriff of Boone county, Missouri, at public auction, to the highest bidder for a large sum of money, to-wit, $135, to this defendant, James Jacobs; that the proceeds arising from said sale, after deducting all costs thereof, were paid over to these plaintiffs and others who were parties to said suit, under the orders of the circuit court of Boone county, Missouri.  That the said plaintiffs have received, used and expended said money. ' Wherefore, defendants say that the plaintiffs are estopped from recovering in this action; and said estoppel is pleaded in bar of their recovery.

"And now having fully answered, defendants pray that they may go hence with their costs."

The plaintiffs immediately filed a motion to strike out said answer because filed out of time without leave.  The defendants sought to excuse the delay in answering, on the ground of the sickness of W. R. Gentry, the attorney whom they had employed to defend the case.  Their affidavits tended to show that in the latter part of January, Mr. Gentry had had an attack of la grippe from which he had not entirely recovered when the February term convened.  Affidavits were submitted on behalf of the plaintiff, which were not controverted, showing that Mr. Gentry was present in the courtroom on several occasions during the first three days of the term.  Mr. Gentry's own affidavit was filed, but it does not show when he was employed in the case, or that he was unable after being employed to prepare an answer or to ask the court to extend the time.  The defendants made no attempt, by affidavit or otherwise, to show that they had a meritorious defense to her action.

Pending the motion, the death of the nominal plaintiff, James Byers, was suggested, and a dismissal entered as to him.

After hearing the affidavits the court struck out the answer, and entered a decree for the plaintiff divesting the title out of

the defendant Logan.

I. The substantial question for determination in this court is the propriety of the action of the circuit court in striking out the answer which was filed out of time.

We are of opinion that no error was committed in striking out the answer, filed after the statutory time had expired.

The affidavits as to the illness of Mr. Gentry do not show any diligence, as the other affidavits clearly established that he was able to be and was in court during the first three days of the court and although he might have felt unable to work on account of his previous sickness, the most ordinary diligence would have prompted him to ask the indulgence of the court and opposing counsel to file the answer at a later day. This would have involved no exertion.

But the affidavits are singularly defective in that they nowhere state that Mr. Gentry had been employed to file the answer, and conduct the defense prior to or during the first three days of the term. If he had not been retained, of course, he was not in default, but the negligence was that of his client. From aught that appears to the contrary in the affidavits, he may have been employed after the time for answering had expired.

Before the circuit court can be convicted of unwise discretion in striking out the answer, in addition to a reasonable excuse for not filing in time, the answer itself must have disclosed a meritorious defense. A mere denial would not have sufficed, and in this case the answer amounted to no more. Its plea that plaintiff received the money arising from the bid, fell short of a good plea of estoppel in that it fails to allege that plaintiff received her share of the proceeds with knowledge of defendant's fraudulent or alleged fraudulent conduct.

As to the failure to bring in the representatives of James

Vol 164 mo—10

Byers, the husband of Mrs. Fannie Byers, no error was committed. James Byers was a mere nominal party and no interest survived to his heirs or representatives after his death. [Crook v. Tull, 111 Mo. 283.]

As to the failure to issue *alias* writs, the record is silent as to any request for such.

We see no reason for interfering with the judgment of the circuit court, and it is accordingly affirmed. *Sherwood, P. J.,* and *Burgess, J.,* concur.