GARNETT N. HYDE, ET AL., DEFENDANTS IN ERROR, v. CHARLES C. PARKS, ET AL., PLAINTIFFS IN ERROR.*

Kansas City Court of Appeals. May 24, 1926.

*Corpus Juris-Cyc References: Wills, 40Cyc, p. 1240, n. 98; p. 1246, n. 58; p. 1253, n. 3; p. 1255, n. 10; p. 1348, n. 74; p. 1377, n. 17.

*John D. Taylor* for plaintiffs in error.

No brief filed for defendants in error.

BLAND, J.—This is an action contesting the validity of a will. The court declared the will void, resulting in the suing out of a writ of error by the defendants. Plaintiffs have not favored us with a brief.

The petition discloses that the parties to this proceeding, other than the defendant, Charles C. Parks, are the children of the testator, Lucien D. Hyde, deceased; that in the will Parks was appointed executor thereof and trustee for testator's children with the management and control of the estate for a period of twenty years.after the death of the testator. The petition alleges that after the death of Lucien D. Hyde, his will was probated in the probate court of Jackson county, Missouri; that the recital in the will that the testator was at the time of the making of the will a resident of Kansas City, Missouri, was false and fraudulent and procured to be made for the sole purpose of giving the probate court of Jackson county jurisdiction in the probate of the will and to appoint an executor thereunder; that as a matter of fact the testator was not at the time of the making of the will or at any time thereafter a resident at Kansas City, Jackson county, Missouri, but that he was for many years prior to his death a resident of Chariton county, Missouri; that at the time of his death the testator was possessed of real and personal property, the greater portion of which was located in that county; that the assumption of jurisdiction by the probate court of Jackson county over the estate of the testator was without authority of law; that the writing purporting to be the will of the testator was not his will; that the testator was not at the date of the signing of the paper of sound mind and was not at said time of mental capacity to make a will. The petition

prayed that the will be declared void and that the court decree that the probating thereof by the probate court of Jackson county, Missouri, was illegal and void.

Defendants, Charles C. Parks and Richard S. Hyde, by his guardian *ad litem,* filed separate pleas to the jurisdiction, which were overruled. A jury was waived and the case was tried before the court resulting in a judgment in which the court declared that the representations made in the purported will of the testator, to the effect that he was at the time of the making thereof a resident of Jackson county, Missouri, were false and fraudulent and procured to be made for the sole purpose of giving to the probate court of Jackson county, Missouri, jurisdiction to administer his estate; that at the time of the making of the will and at the time of the death of the testator, he was a legal resident of Chariton county, Missouri; that the probate court of Jackson county, Missouri, had no jurisdiction to grant letters testamentary to defendant Parks, or to assume jurisdiction of the administration of the estate of the testator and that the probate court of Chariton county has "legal and proper jurisdiction to administer said estate, that this court has jurisdiction to hear and determine this cause;" that the testator was a person of unsound mind and not possessed of mental capacity to make a will at the time of the execution of the pretended will. The court ordered and adjudged that the paper purporting to be testator's will be not the last will and testament of the testator and that "the probate thereof be revoked and set aside and for naught held," and that the will be declared void and of no effect, etc.

It is insisted that the circuit court of Chariton county "erred in overruling defendants' plea to the jurisdiction and in assuming and attempting to exercise jurisdiction in the hearing of the will contest." We think that this contention is well taken. Section 517, Revised Statutes 1919, provides—

"The probate court, or the judge or clerk thereof in vacation, subject to the confirmation or rejection by the court, shall take proof of last wills, and of the death of the testator."

Section 518, Revised Statutes 1919, provides—

"If the testator have a mansion house or known place of abode in any county, his will shall be there proved; if he have no place of residence, and lands be devised, it shall be proved in the county where any part of the lands lie; and if he have no place of residence, and there be no lands devised, the will shall be proved in the county in which the testator died, or, if he died out of the State, then in any county."

Section 525, Revised Statutes 1919, provides—

"If any person interested in the probate of any will shall appeal within one year after the date of the probate or rejection thereof,

and, by petition to the circuit court of the county, contest the validity of the will, or pray to have a will proved which has been rejected, an issue shall be made up whether the writing produced be the will of the testator or not, which shall be tried by a jury, or if neither party require a jury, by the court.''

When a suit to contest a will is filed in the circuit court, it, by virtue of sections 525 and 2542, Revised Statutes 1919, operates in the nature of an appeal from the order of the probate court probating the will. Under the provision of section 2542, Revised Statutes, 1919, the probate court has original jurisdiction ''over all matters pertaining to probate business, to granting letters testamentary and of administration,'' etc. consequently, the jurisdiction which the circuit court acquired in a will contest proceeding is derivative and not original. [Johnson v. Brewn, 210 S. W. 55, 56; Dickey v. Malechi, 6 Mo. 177, 186; Benoist v. Murrin, 48 Mo. 48, 52; State ex rel. v. Imel, 243 Mo. 180, 186; State ex rel. v. Guinotte, 156 Mo. 513, 519.] If any person desires to appeal from the action of the probate court in the probating or rejection of a will, he must do so ''by petition to the circuit court of the *county*.'' [Section 525, R. S. 1919.] Of course, the word ''county'' as used in the statute refers to the county in which the will has been probated or sought to have been probated in the probate court. The circuit court of Chariton county, therefore, has no jurisdiction in a will contest except where the will had been probated or rejected in the probate court of Chariton county. There is no such thing under our system of courts as an appeal from a probate court of one county to the circuit court of another.

The judgment of the circuit court of Chariton county setting aside the judgment of the probate court of Jackson county admitting the will to probate, is erroneous. The probate court of Jackson county had jurisdiction to determine the fact of deceased's residence or domicile and judgments of probate courts probating wills are not subject to collateral attack. [Stowe v. Stowe, 140 Mo. 594; 15 C. J. 852, 853.] If this proceeding may be considered a direct attack upon said judgment, there is nothing alleged in the petition to justify the court in setting it aside. A court has no right to overhaul a judgment of another court of competent jurisdiction. [Railway Co. v. Warden, 73 Mo. App. 117, 122.] While perhaps not material, we might add that the residence or domicile of the testator at the time of the making of the will is not controlling in ascertaining jurisdiction. [23 C. J., pp. 1010-1019.]

From what we have said the circuit court of Chariton county had no jurisdiction in the case as no proceeding was ever had in the probate court of that county. While the circuit court of Chariton county had jurisdiction over this character of cases, it had no juris-

diction over this will case, and, therefore, none over the subject matter of this litigation. [State ex rel. v. Phillips, 261 S. W. 713; In re Drainage District v. Voltmer, 256 Mo. 152; Title Guaranty & Surety Co. v. Drennon, 208 S. W. 474; Cole v. Norton, 251 S. W. 723; State ex rel. v. Nixon, 232 Mo. 496; Drainage District v. Tomlinson, 245 Mo. 1; State v. Bulling, 100 Mo. 87; State v. Decker, 217 Mo. 315, 324; Brown v. Woody, 64 Mo. 547.]

The judgment is reversed. *Arnold, J.,* concurs *Trimble, P. J.,* absent.