IN RE ESTATE OF JENNIE MAUDE SHELDON, Deceased. LENA MAY HAMMONS FAKES by MAURICE P. PHILLIPS, Her Guardian, Appellant, v. MAY HAMMONS, Executrix of the Estate of JENNIE MAUDE SHELDON, Deceased.—No. 39460.—189 S. W. (2d) 235.

Court en Banc, July 2, 1945.

Rehearing Denied, September 4, 1945.

*Maurice P. Phillips* for appellant.

234

*Aubrey R. Hammett, Jr.,* and *Lawrence Holman* for respondents.

 TIPTON, J.—On November 6, 1944, appellant appeared specially in the probate court of Randolph County, Missouri, by written motion to challenge the jurisdiction of that court to administer the estate of Jennie Maude Sheldon, deceased, and requested that court to vacate all prior proceedings by the court in that estate for the reason that it was without jurisdiction to entertain administration upon her estate. Respondent filed a motion to strike appellant's motion from the files. The probate court certified these motions to the circuit court of Randolph County for trial, and by agreement, Honorable Austin Walden, as the special judge, tried these motions and sustained respondent's motion to strike. From that ruling, the appellant has duly appealed to this court.

On May 24, 1944, during the May Term of the probate court of Randolph County, that court held a hearing and made the following order of record:

"Now on this day comes A. R. Hammett and Lawrence Holman and informs the court that Jennie M. Sheldon living at 411 S. Clark Street died May 21st, 1944, and asked the court to determine if she is a citizen of Randolph County.

"After hearing the evidence in the matter, the court finds that said Jennie M. Sheldon was a citizen of Randolph County at the time of her death, May 21, 1944, and further finds that at the time of her death she maintained, owned and occupied a mansion house or place of abode in Randolph County, Missouri, and also owned and possessed other lands in said county, and maintained her permanent residence and was domiciled in the mansion house aforesaid, where she died on the date aforesaid. That in view of the facts aforesaid, the court declares that under the terms of Sections 4 and 531, Revised Statutes of Missouri 39, the jurisdiction for the administration of the estate of said Jennie Maude Sheldon is in the Probate Court of Randolph County."

On June 7, 1944, a will of the decedent was probated in that court and on the same day, May Hammons was appointed executrix of the estate and has entered upon the discharge of her duties. The May Term, 1944, of that court, at which the orders were made, adjourned just prior to the commencement of the next term, which commenced on the first Monday of September. The September Term adjourned just before the commencement of the November Term, which was on the first Monday in November, 1944.

During the November Term, the appellant filed a motion in that court to set aside all previous orders in the estate on the ground

"that the court is without jurisdiction to administer upon the estate of Jennie Maude Sheldon or to appoint an executrix under the will of Jennie Maude Sheldon, deceased, to administer upon her estate for the reason that said decedent was, at the time of her death and for many years next prior thereto, a resident of, and had her domicile in the City of St. Louis." The reasons assigned in this motion as to why the probate court of Randolph County did not have jurisdiction to probate this estate are: because on October 22, 1929, Jennie Maude Sheldon was a resident of and domiciled in the City of St. Louis, and on that date, adjudged by the probate court of the City of St. Louis to be a person of unsound mind and incapable of managing her affairs; that on that date, Aubrey R. Hammett was duly appointed by that court as guardian of her person and estate and continued as such until her death in the City of Moberly on May 21, 1944; and that by reason of that adjudication, she was incapable of changing her residence or domicile from the City of St. Louis to any other place in the State of Missouri, and, therefore, the jurisdiction of her person and estate was vested in the probate court of the City of St. Louis.

Respondent filed in the probate court of Randolph County a motion to strike appellant's motion to revoke its orders heretofore described for the following reasons: first, because such a motion could only be filed during the May Term of that court; second, after a determination of the facts by that court as to its jurisdiction, the orders became final as against everyone, even nonresidents of the county, twenty days ▮▮▮ after the adjournment of the May Term, which was September 22, 1944; third, that the above orders became final upon adjournment of the May Term of court and became final judgments of a court of record and could not be set aside; fourth, the orders and judgments of that court were regular on their faces, and, as the appellant's motion was filed after adjournment of May Term of court, it was a collateral attack upon these orders and judgments; and, fifth, that appellant's motion was filed too late to have any efficacy; that the order determining the residence of decedent and the jurisdiction of the probate court became final and unassailable and that court had no discretion, but is absolutely without authority to grant the relief prayed for in appellant's motion.

The appellant was not permitted to introduce evidence in support of his motion, but did make an offer of proof to sustain the motion. As previously stated, the circuit court, where these motions were certified and tried, sustained respondent's motion to strike. It is evident that the trial court treated respondent's motion to strike as a demurrer to appellant's motion to vacate.

▮▮ A motion to strike is the proper procedure when a pleading is filed out of time. Byers v. Jacobs, 164 Mo. 141, 64 S. W. 156; Hodges v. Brooks, Mo. App., 122 S. W. (2d) 383. Where a pleading

states no cause of action or defense, it is open to a motion to strike. It is "well established that a motion to strike out or to dismiss, which fills the office of a demurrer, must be judged by the rules pertaining to demurrers." State ex rel. Southern National Bank of Kansas City v. Ellison et al., 266 Mo. 423, l. c. 430, 181 S. W. 998. Therefore, we will treat the facts stated in appellant's motion as true.

Appellant contends that his motion was filed in time because it is a motion in the nature of a writ of error coram nobis, and if this is true, then a motion can be filed at a term subsequent ·to the judgment term. 34 C. J. 398. Such a motion is in the nature of an independent and direct attack upon the judgment. State ex rel. Potter v. Riley, 219 Mo. 667, 118 S. W. 647.

"The probate court is a court of record, holding regular terms at stated periods, with general original jurisdiction in all matters pertaining to the administration of estates of deceased persons. Its judgments and orders in such matters are entitled to the same presumption of verity as is accorded to those of courts of general jurisdiction, proceeding according to the course of the common law . . . " Rottman v. Schmucker, 94 Mo. 139, l. c. 143, 7 S. W. 117.

In the case at bar, the probate court followed Section 531, R. S. Mo. 1939, which is as follows:

"If the testator have a mansion house or known place of abode in any county, his will shall be there proved; if he have no place of residence, and lands be devised, it shall be proved in the county where any part of the lands lie; and if he have no place of residence, and there be no lands devised, the will shall be proved in the county in which the testator died, or, if he died out of the state, than in any county."

After hearing evidence on the question of its jurisdiction to administer the estate of Jennie Maude Sheldon, deceased, the probate court found that at the time of her death she "maintained, owned and occupied a mansion house or place of abode in Randolph County, Missouri, and also owned and possessed other lands in said county, and maintained her permanent residence and was domiciled in the mansion house aforesaid, where she died on the date aforesaid."

The probate court of Randolph County had a right in the first instance to determine its own jurisdiction and "though it may err in such determination, its so doing is not a usurpation of judicial authority, but error for which the ·proper remedy of the party aggrieved is by appeal." Coleman v. Dalton, 71 Mo. App. 14, l. c. 25.

The appellant contends that the probate court of Randolph County could not have jurisdiction of deceased's estate because at the time of her death she was a ward of the probate court of the City of St. Louis; and having been adjudged a person of unsound mind by the latter court, neither she nor her guardian could have changed

her residence from that City. As we view this case, it will not be necessary for us to determine that question for the reason that if the probate court of Randolph County erred in finding that it had jurisdiction, such finding is conclusive in the absence of an appeal.

However, there is respectable authority contrary to appellant's contention. See Anderson v. Anderson, 42 Vt. 350; Restatement of Law, "Conflict of Laws," Paragraph 40, Subsection (e); Kuphal, v. Kuphal, 29 N. Y. Supp. (2d) 868; 9 Ruling Case Law, 550. These authorities hold that the guardian may change the residence of his ward.

Appellant's motion attacked the specific findings of the records of the probate court of Randolph County. The records of that court found, in effect, that deceased was a resident of Randolph County, while appellant contends deceased was a resident of the City of St. Louis. Treating appellant's motion as a motion in the nature of a writ of error coram nobis, it will not lie because it attacks the record and the verity thereof of the probate court of Randolph County. Simms v. Thompson, 291 Mo. 493, 236 S. W. 876; Jeude v. Sims, 258 Mo. 26, 166 S. W. 1048.

In the case of Reed v. Bright, 232 Mo. 399, l. c. 412, 134 S. W. 653, we said:

"There is yet a stronger reason why the motion filed in the case under consideration cannot be entertained as a writ of error coram nobis. Said motion attacks the record and the verity thereof. This can never be done in writs of error coram nobis. In other words, the error of fact charged in the petition or motion for a writ of error coram nobis must be consistent with the record in the case. It must not attack the verity of the record.

"In 5 Ency. of Pl. and Pr., p. 34, the general rule is thus stated: 'The petition should not assign as error any fact adjudicated in the former suit, or any facts which contradicts the record.'"

To sustain his position, the appellant relies upon our case of McCabe v. Lewis, 76 Mo. 296. In that case, the public administrator gave notice in writing to the probate court of St. Louis that he had taken charge of the estate of Wm. J. Maynard, deceased, for the purpose of administering thereon under Sec. 8, Wag. Stat., 122. The only asset of that estate was a suit to recover from the executor of the estate of Catherine O. Long, deceased, who had administered upon Maynard's estate in the State of Louisiana where he died and where his estate was settled. The public administrator sought to administer upon the Maynard estate on the theory that Catherine O. Long had brought assets of Maynard's estate into this State. We held that as the only assets of the Maynard estate consisted of a law-suit, the grounds stated in the application did not come within the above section of the statute and we ordered the probate court to set aside the appointment and to revoke the letters of administration.

In that case, the defect evidently appeared upon the face of the records of the probate court. There is no contention in this case that there are any defects upon the face of this record. Therefore, the McCabe case is not in point.

From what we have said, it follows that the judgment should be affirmed. It is so ordered. All concur.