STATE of Missouri, Respondent,

v.

Hugh Norman HARRISON, Appellant.

No. 44357.

Supreme Court of Missouri.

Division No. 1.

March 14, 1955.

William W. Van Matre, Jr., Everett S. Van Matre, Mexico, for appellant.

John M. Dalton, Atty. Gen., Aubrey R. Hammett, Jr., Asst. Atty. Gen., for respondent.

VAN OSDOL, Commissioner.

This is an appeal from an order overruling defendant-movant's motion in the nature of a writ of error coram nobis to set aside and vacate a judgment of conviction whereby defendant was sentenced to a term of twenty-five years in the penitentiary. The judgment was rendered by the Circuit Court of Madison County, October 31, 1931.

In 1948, after the questioned judgment was entered as stated in 1931, defendant was convicted of burglary in the second degree and larceny in the Circuit Court of Audrain County; and, because of the former conviction, defendant was sentenced to the longest terms prescribed for these second offenses. Section 556.280, RSMo 1949, V.A.M.S.

Defendant-movant stated in his motion that no information was filed in the case in which he was convicted in the Circuit Court of Madison County, and that such fact was not known to that court or defendant before or at the time of judgment and sentence and which fact, if known, would have precluded the court's action in rendering and pronouncing judgment and sentence because, absent a formal charge or accusation against defendant, the court was without jurisdiction to proceed.

Defendant-movant-appellant contends the trial court erred in overruling the motion to vacate the judgment of October 31, 1931. He contends that the records and files of the Circuit Court of Madison County are insufficient in showing that an information had been filed, and that the evidence introduced by defendant was sufficient to disprove, or to refute any presumption or inference that a formal accusation by information (or indictment) had in fact been filed in the case. On the other hand, the State-respondent (although conceding that a motion in the nature of a writ of error coram nobis is recognized in this state, and may, in a proper case, be utilized as a remedy to correct errors of fact affecting the validity of a proceeding) contends the writ does not lie, or the remedy is not available to defendant-movant herein because the alleged error of fact has not been demonstrated.

The writ of error coram nobis is a common-law remedy. The writ, or a motion or application for relief of that nature, is recognized in Missouri. The application is made to the trial court to correct errors of fact, not appearing on the face of the record, affecting the validity of proceedings which errors of fact were unknown to the party now seeking relief and to the court at the time of the disposition of the particular case, and which errors of fact, had they been known, would have prevented the rendition of the judgment. The motion or application is considered a new action—is in the nature of an independent and direct attack upon a judgment—with the purpose of revoking or annulling the judgment. Schoenhals v. Pahler, Mo.Sup., 257 S.W.2d 662, and cases therein cited; Blodgett v. State, Mo.Sup., 245 S.W.2d 839; State ex rel. Muth v. Buzard, 356 Mo. 1149, 205 S.W.2d 538; In re Sheldon's Estate, 354 Mo. 232, 189 S.W.2d 235; State v. Ashworth, 346 Mo. 869, 143 S.W.2d 279.

A judgment in a criminal case, in which case the accusation is not made by a formal charge—an indictment or an information—is considered a nullity. So,

in a trial court, where an indictment is missing, the trial court may not permit the State to supply one and proceed with a trial, absent the showing either by the record or by testimony of witnesses that an indictment had in fact been filed. See State v. Barton, Mo.Sup., 209 S.W. 888; State v. McCarver, 194 Mo. 717, 92 S.W. 684; State v. Simpson, 67 Mo. 647, cited by defendant-movant. There can be no trial, conviction or punishment for crime without a formal and sufficient accusation. Although defects in an indictment or information may be waived, the complete absence of a formal charge is jurisdictional. State v. McKinley, 341 Mo. 1186, 111 S.W. 2d 115; Const., Art. I, Section 17, V.A. M.S.; Section 545.010 RSMo 1949, V.A. M.S.

In the instant case, there was evidence introduced tending to show that the present incumbent of the office of Clerk of the Circuit Court of Madison County has made an effort to find an information charging the offense of which defendant was convicted and sentenced in 1931. The Circuit Clerk testified that he had made diligent search for the files of the case of State v. Harrison and was unable to find them, although he discovered the files of cases disposed of immediately before and after the disposition of that case. He put in approximately eight hours in making the search. And, he did not find that any file number had been assigned to the file of documents pertaining to the case. In his office, it is presently the practice to assign a file number to a criminal case at the time an information is filed. In testifying of the manner and place of storing the files of cases disposed of by the Circuit Court, the witness said such files are stored in a vault "upstairs" for some years, then as the "file boxes" fill up, the older ones are transferred to a basement vault. "Well, the basement vault, the records down there are in a very deplorable condition. They are all mixed up, * * *. The files were supposed to have been taken down there and filed according to the way they were upstairs, and that does not happen.

All of the files in the courthouse are thrown in that one vault, and you don't know when you walk in where you are going to find where the files are at. By that I mean the Collector's files, and the Collector's records, and Assessor's files and records, Circuit Clerk's records and all of the records of the courthouse are thrown in that one vault." Not infrequently historians and genealogists and others go through the old files "and check old records and go through them."

The Judge's Docket, the Clerk's Minute Book, and the Record Book of the Circuit Court of Madison County disclose three entries as of October 31, 1931. One entry, a minute as entered in the Judge's Docket, is as follows,

"State of Missouri,
vs.
Hugh Harrison
& Charley Sullivan } Judges Minutes

"Defendant Hugh Harrison arraigned and enters a plea of guilty, Punishment fixed at imprisonment in State Penitentiary for a term of twenty-five years, defendant, Charles Sullivan arraigned and enters plea of guilty, punishment fixed at imprisonment in State Penitentiary for a term of twenty-five years."

A minute as entered in the Circuit Clerk's Minute Book is as follows,

"State of Missouri
                    Pltf.        Clerks Minutes
        vs.                      Felonious
Hugh Harrison and               Robbery
Charley Sullivan }

"Now at this time this cause coming on to be heard comes the State of Missouri, by its Prosecuting Attorney and both defendants, in their own proper persons and a formal arraignment waived and upon a plea of guilty Hugh Harrison is sentenced to twenty five years in the State Penitentiary at hard labor, Charles Sullivan is sen-

tenced to twenty-five years in the State Penitentiary at hard labor."

And, the Record Book of the Circuit Court discloses the following judgment as entered,

"The State of Missouri, Plaintiff,  | Criminal Action
vs. | Sentence and
Hugh Harrison, defendant. | Judgment

"Now at this day, comes the Prosecuting Attorney for the State, and also comes the defendant, herein, in person, in the custody of the sheriff of this County, and in presence of his attorney and Counsel in open court, whereupon said defendant is informed by the court that he stands accused of Felonious Robbery, and upon a plea of guilty *as charged in the information*, and being now asked by the court if he had any legal cause to show why judgment should not be pronounced against him according to Law, and still failing to show such cause, it is therefore sentenced, ordered and adjudged by the Court, that the said defendant Hugh Harrison having entered a plea of guilty as aforesaid, be confined in the Penitentiary of the State of Missouri, for the period of twenty-five years, from the 31st day of October, 1931, and that the Sheriff of this county, shall without delay remove and safely convey the said defendant to the said Penitentiary, * *." (Our italics.)

(It was also shown that this court in a habeas corpus proceeding, April 18, 1953, ordered the discharge of Charley [E.] Sullivan from the custody of the warden of the penitentiary wherein he was confined pursuant to a judgment of the Circuit Court of Madison County entered October 31, 1931, the judgment reciting, as in the Harrison case, a plea of guilty "as charged in the information." In the order discharging Sullivan, this court found it had

been determined in a former habeas corpus proceeding of June 18, 1951, that the sentence of Sullivan by the Circuit Court of Madison County was imposed without an information or an indictment filed or returned. Apparently, Sullivan was originally charged jointly with defendant-movant, Harrison, in the Circuit Court of Madison County [see minutes of the judge and clerk, supra]. The records of the Sullivan habeas corpus proceedings show that evidence was adduced, and, there being no transcript thereof, we cannot know the effect of the evidence introduced in those cases. We do not consider the orders made in the Sullivan habeas corpus proceedings of decisive import in determining the issue herein. In deciding the instant case, we shall rely principally upon the [other] evidence disclosed by the transcript on appeal in the instant case.)

The testimony of the Circuit Clerk that he had made a diligent and prolonged search for an information filed in the Harrison case was evidence of some weight in tending to show that no information was filed; but, in view of the further testimony of the witness of the way the files of disposed of cases were stored, the testimony of the negative result of his search tends to show but little if anything more than that, if an information was filed in the case, it had been purloined, misplaced, lost or destroyed. Having considered this testimony together with the circuit court's judgment, reciting that defendant was informed that he stood accused of robbery, and "upon a plea of guilty *as charged in the information* (our italics)", we are of the view that defendant-movant did not sustain his burden of proving that no information had been filed. This also seems to have been the opinion of the trial court.

In arriving at our decision, we have also considered the judge's minute that defendant was "arraigned" and have noticed the clerk's minute, "formal arraignment waived." Although the minutes are inconsistent, as to arraignment, or

226

waiver thereof, the minutes, nevertheless, tend to indicate cognizance of these officers, the judge and the clerk, of the existence of, and tend to indicate entries made by a reference to a formal information filed in the case. It is realized that the language of a judgment and sentence should be controlling over that of a commitment, a commitment being, as required by statute (now Section 546.610, RSMo 1949, V.A.M.S. [see now also Supreme Court Rule 27.13, 42 V.A.M.S.]), but a certified copy of a judgment and sentence. And, in this case, so far as the record discloses, the wording of the judgment and sentence, including the clause "as charged in the information" is identical with that of the commitment; and the minutes of the judge and clerk are definitely not in conflict with the recitals of the judgment in the respect that such recitals tend to show an information was on file when defendant pleaded guilty "as charged." See and contrast Williford v. Stewart, 355 Mo. 715, 198 S.W. 2d 12, cited by defendant. We have also considered the judgment reference to the crime, of which defendant was apparently accused, as "Felonious Robbery." The degree of the crime of robbery was not stated or recited, and the description of robbery by the word "felonious" is, in a sense, a redundancy; yet, robbery in any degree may be said to be felonious; and the clerk in entering judgment, or writing up the judgment record upon the conviction was only required to "briefly" state the offense for which the conviction was had. Section 546.590, RSMo 1949, V.A.M.S.; Supreme Court Rule 27.11.

We think the minute entered by the trial judge that defendant was arraigned and, more especially, the recital of the judgment that defendant had entered a plea of guilty "as charged in the information" should be given controlling weight and value over the full probative effect of the whole testimony of the witness, the circuit clerk, which testimony (although entirely worthy of belief, and entirely accepted by us as true) we now may say tends only to show that the information cannot now be found.

The order overruling the motion to vacate the judgment should be affirmed.

It is so ordered.

LOZIER and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.

All of the Judges concur.