**Francis Marion BLACK, Appellant,**

v.

**THE CITY NATIONAL BANK AND TRUST COMPANY of Kansas City, Executor of the Estate of Arthur Geiger Black, Deceased, Respondent.**

No. 46746.

Supreme Court of Missouri,
Division No. 2.
Feb. 9, 1959.
Motion to Transfer to Court En Banc.
Denied March 9, 1959.

Francis Marion Black, appellant, pro se.

Fred A. Murdock, Johnson, Lucas, Bush & Gibson, Kansas City, for respondent, City National Bank & Trust Co. of Kansas City, Executor of the estate of Arthur Geiger Black, deceased.

STOCKARD, Commissioner.

This is an appeal from the judgment of the circuit court of Jackson County dismissing appellant's petition to contest the will of Arthur Geiger Black (hereafter referred to as testator). Jurisdiction is in this court because the interest of appellant as an heir at law, if the will be set aside, exceeds $7,500.

Testator's will was admitted to probate by the probate court of Jackson County on September 12, 1955, and The City National Bank and Trust Company of Kansas City, respondent herein, was appointed executor. On September 6, 1956, the probate court of Jackson County received through the mail from appellant, acting pro se, a document purporting to be a petition to contest testator's will on the grounds of mental incapacity and undue influence. This document did not name respondent or any of the devisees or legatees as defendants. For the purpose of our further discussion we shall assume, but we do not decide, that if this document had been filed in the circuit court it stated a cause of action to contest testator's will, or at least was sufficient to be amended to state such a cause of action. The precise action taken by the probate court in respect to this document is not clearly indicated by the transcript, but it appears that on the day it was received it was mailed back to appellant with a letter stating that the probate court had no jurisdiction over a suit to contest a will and that such jurisdiction was in the circuit court.

On January 25, 1957, again acting pro se, appellant sent by mail a petition to the circuit court of Jackson County in which he requested the court to issue "a temporary restraining order" restraining the respondent "from making any further dis-position of property in the will of Arthur Gieger Black." The basis stated for this request was that appellant "is unable, at this time, to be present, or have representative present to protect his interests at distribution of property and will be unable to be present or have authorized representative present for a period of at least ninety (90) days." We note at this point that the transcript shows that at all times here material appellant was confined in a Texas penal institution.

On February 8 and again on April 3, 1957, appellant, still acting pro se, sent to the circuit court of Jackson County by mail a document purporting to be a petition to contest testator's will on the grounds of mental incapacity on the part of testator and undue influence on the part of the principal legatees in the will. There is no showing if service was had on respondent, the only defendant named in the petitions. However, on August 23, 1957, respondent filed a motion to dismiss the petition on the ground that it was filed in the circuit court more than one year after the will of testator was admitted to probate. At the hearing on this motion appellant was represented by counsel, and on November 20, 1957, the trial judge entered a judgment dismissing appellant's petition. Appellant's counsel withdrew shortly thereafter, and appellant has attempted to perfect this appeal without the aid of counsel.

Testator's will was probated before the effective date of the present probate code. Therefore, by reason of Section 1 of House Bill 30, Laws of Missouri 1955, p. 390, appellant was authorized to contest the will of testator pursuant to the provisions of Section 468.580, RSMo 1949, V.A.M.S. c. 475 Appendix, now repealed, which in its parts here material, is as follows:

"If any person interested in the probate of any will shall appear within one year after the date of the probate or rejection thereof, and, by petition to the circuit court of the county, contest the validity of the will, or pray to have a will proved which has been

rejected, an issue shall be made up whether the writing produced be the will of the testator or not, which shall be tried by a jury, or if neither party require a jury, by the court; * * *."

Section 468.600 RSMo 1949, V.A.M.S. c. 475 Appendix, now repealed but applicable to this case, is as follows:

"If no person shall appear within the time aforesaid, then probate or rejection of such will shall be binding, saving to infants and persons of unsound mind, a like period of one year after their respective disabilities are removed."

There is no contention that appellant filed any petition to contest the validity of the testator's will in the circuit court of Jackson County within one year after the date of the probate of testator's will, and there is no contention that appellant is an infant or that he is a person of unsound mind. Therefore, the action of the trial court in dismissing the petition was unquestionably correct unless the filing by appellant in the probate court of Jackson County of the purported petition to contest testator's will served to toll the running of the one-year period provided for in Section 468.580, supra, or unless the said one-year period is tolled because appellant was and is imprisoned.

■ The right of an interested party to contest a will is statutory and can be exercised only as provided by statute. State ex rel. Siegel v. Strother, 365 Mo. 861, 289 S.W.2d 73[12]. Campbell v. St. Louis Union Trust Co., 346 Mo. 200, 139 S.W.2d 935[1], 129 A.L.R. 316; State ex rel. Muth v. Buzard, 356 Mo. 1149, 205 S.W.2d 538[1]; Davis v. Davis, Mo.Sup., 252 S.W.2d 521[2]. Section 468.580, supra, provides that within the one-year period the interested party shall by petition to the circuit court of the county, contest the validity of the will, and in Green v. Ferguson, Mo.App. 184 S.W.2d 790, it was held that the suit to contest the will had to be "com-

menced" or "instituted" within the one-year period in the manner prescribed by Section 506.110 RSMo 1949, V.A.M.S. This section provides that suits may be instituted in courts of record, except when otherwise provided by statute, either "(1) By filing in the office of the clerk of the *proper court* a petition setting forth the plaintiff's cause or causes of action, and the remedy sought, and by the voluntary appearance of the adverse party thereto; or (2) By filing such petition in *such office*, and suing out thereon a writ of summons against the person or of attachment against the property of the defendant" (emphasis added). The "proper" and only court in which a will contest suit may be filed is the circuit court in the county where the will is sought to be probated. Callahan v. Huhlman, 339 Mo. 634, 98 S.W.2d 704[4]; Hyde v. Parks, 221 Mo.App. 675, 283 S.W. 727, 728. The probate court of Jackson County has no jurisdiction over suits to contest a will, and the filing in that court of a petition to contest a will does not comply with the minimum statutory requirements for the institution of such a suit. It is the general rule, when the statute does not otherwise provide, that "the bringing of an action in a court without jurisdiction does not interrupt the running of the statute of limitations." 54 C.J.S. Limitations of Actions §§ 266 and 271; Wood on Limitations, 4th ed., § 300; Annotation, Ann.Cas.1916A, 264; 34 Am.Jur., Limitation of Actions, § 284.

This case is to be distinguished from those cases where there is legal authority for a court to transfer a petition wrongfully filed with it to the proper court, see Ellis v. Lynch, D.C., 106 F.Supp. 100, and the wrongful death cases where the statute specifically authorizes an additional period to refile a petition when the plaintiff suffers a nonsuit. See Wente v. Shaver, 350 Mo. 1143, 169 S.W.2d 947, 145 A.L.R. 1176; Tice v. Milner, Mo.Sup., 308 S.W.2d 697.

We must necessarily conclude that appellant did not "appear within one year after the date of the probate" of the tes-

tator's will in the probate court of Jackson County "and, by petition to the circuit court of the county, contest the validity of the will" within the meaning of Section 468.-580, supra. For that reason the "probate * * * of such will shall be binding," Section 468.600, supra, unless the one-year period is stayed by reason of appellant's confinement in a penal institution.

There is some difference of opinion whether the one-year period in which an interested party may bring a suit to contest a will is a grant of jurisdiction to the circuit court for a limited period, or whether it is a special statute of limitation pertaining only to the remedy. See the discussion in Miller v. Munzer, Mo.App., 251 S.W.2d 966, and in Thomson v. Butler, 136 F.2d 644, certiorari denied, 320 U.S. 761, 64 S.Ct. 69, 88 L.Ed. 454. Of course, if it is a special grant of jurisdiction then it must be exercised within the time provided or the right ceases to exist, and the time provided by statute is one year from the date of the probate of the will except in the case of infants or persons of unsound mind. There is no exception for persons who are imprisoned, and as to them the right would expire at the designated time the same as for anyone else not within the two stated exceptions.

If we treat the one-year period as a statute of limitation, it is a special statute of limitations, and it comes within the precise terms of Section 516.300 RSMo 1949, V.A.M.S., which specifically excludes from the operation of the general statutes of limitation any action which is "otherwise limited by any statute * * *." The result of this is that the tolling provisions and exceptions contained in the general statutes of limitation are inapplicable. Frazee v. Partney, Mo.Sup., 314 S.W.2d 915[4]. A special statute of limitation must carry its own exceptions and the courts cannot engraft others upon it. State ex rel. Bier v. Bigger, 352 Mo. 502, 178 S.W.2d 347[4]; Frazee v. Partney, supra [5]; State ex rel. State Life Ins. Co. v. Faucett, Mo.Sup., 163 S.W.2d 592. As stated in Hoester v. Sammelmann, 101 Mo. 619, 14 S.W. 728, 730, "courts cannot extend those exceptions so as to embrace cases not within the specific exceptions enumerated in the statute itself." Here the only exceptions contained in the special statute of limitations are as to infants and persons of unsound mind. There is no exception, specifically or by inference, to persons who are imprisoned, and it is the general rule that "Imprisonment, if not an exception to the statute, cannot affect the running of limitations; * *." 54 C.J.S. Limitations of Actions § 241. "Statutes of limitation are favored in the law, and cannot be avoided unless the party seeking to do so brings himself strictly within some exception," Shelby County v. Bragg, 135 Mo. 291, 36 S.W. 600, 602; Hunter v. Hunter, Mo.Sup., 237 S.W.2d 100[8], and the exceptions provided for by the Legislature are not to be enlarged by the courts upon considerations of apparent hardship. Woodruff v. Shores, 354 Mo. 742, 190 S.W.2d 994[3], 166 A.L.R. 957. Appellant does not, because of his confinement in a penal institution, come within any exception provided for in the special statute of limitation applicable to suits to contest wills. Therefore, the trial court properly dismissed his petition.

By reason of the above conclusions other matters argued by appellant in his brief need not be considered.

Respondent has filed a motion to dismiss the appeal for failure to comply with Supreme Court Rule 1.08, 42 V.A.M.S., which is not without merit, but which we overrule without discussion.

The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.