Sammy MILLER, Appellant,

v.

C. B. WILCOX et al., Respondents.

No. WD 31106.

Missouri Court of Appeals,
Western District.

Aug. 4, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 2, 1980.

Lee M. Nation of Nation & Curley, Kansas City, for appellant.

John W. Frankum and Gregory O. Grounds, Kansas City, for respondents.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from a judgment in the form of an order sustaining respondent's motion to dismiss. The judgment is affirmed.

At issue was an original petition to contest a will. The petition alleged the decedent, mother of appellant, was not of sound mind, the procurement of making and signing the will was secured by undue influence and the paper writing filed for probate was, in fact, not the will of decedent.

Responsive pleadings were filed by various heirs. Following the filing of such pleadings, respondent C. B. Wilcox filed a motion to dismiss, alleging appellant's failure to comply with § 473.083 1 and § 473.-083 5, RSMo 1978. These sections read:

"473.083. *Contest of will, when, procedure*

1. *Unless any person interested in the probate of a will appears* within six months after the date of the probate or rejection thereof by the probate division of the circuit court, or within six months after the first publication of notice of granting of letters on the estate of the decedent, whichever is later, and, by petition filed with the clerk of the circuit court of the county contests the validity of a probated will, or prays to have a will probated which has been rejected by the probate division of the circuit court, then probate or rejection of the will is binding.

\* \* \*

5. In any such action the petitioner shall proceed diligently to secure and complete service of process as provided by law on all parties defendant. *If service of process is not secured and completed upon all parties defendant within ninety days after the petition is filed, the petition, on motion of any defendant, duly served upon the petitioner or his attorney of record, in the absence of a showing by the petitioner of good cause for failure to secure and complete service, shall be dismissed at the cost of the petitioner.*"

The circuit court sustained the motion to dismiss and in so doing, stated its reasons, which were:

"The basis for the dismissal is plaintiff's failure to join all legatees within 90 days as provided by statute.

An additional reason for the dismissal is the fact that plaintiff is not an 'interested party' within the meaning of 473.-083(1) because she would not benefit financially if she won the lawsuit."

■ Appellant failed to comply with § 473.803 5 requiring the service of process upon all parties defendant within ninety days of the filing of the petition.

The record reveals that appellant initially named respondent C. B. Wilcox, a legatee, as a defendant, but failed to obtain service of process upon said defendant pursuant to § 473.083 5. There was no showing of good cause for failure to obtain service of process upon defendant C. B. Wilcox.

■ The will in this cause purposely omitted one child of the decedent (sister of appellant) and if this will were defeated, the omitted child would share in the estate under the laws of intestate succession. This would result in appellant receiving a smaller share of the estate than appellant would receive under the will, hence appellant is found not to be an interested party within the meaning of § 473.083 1 as interpreted by *State ex rel. Muth v. Buzard*, 356 Mo. 1149, 205 S.W.2d 538 (1947).

Because this court finds no error, it concludes that an extended opinion would have no precedential value. Accordingly, the judgment of the circuit court is in all respects affirmed by this memorandum opinion pursuant to Rule 84.16(b).

All concur.